Harold Wayne **GOODRICH**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–76–340.

Court of Criminal Appeals of Oklahoma.

Aug. 2, 1976.

Don Anderson, Public Defender, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## MEMORANDUM OPINION

BLISS, Judge:

Appellant, Harold Wayne Goodrich, hereinafter referred to as defendant, was charged, tried and convicted in the Oklahoma County District Court, Case No. CRF–74–795 for the offense of Robbery with Firearms in violation of 21 O.S.Supp. 1973, § 801. His punishment was fixed by a jury at a term of imprisonment of twenty-eight (28) years. From this judgment and sentence a timely appeal has been perfected to this Court.

James M. Patrick testified that on the 1st day of March, 1974, he was employed at the Dennis Mobil Service Station locat-

ed at 700 S. MacArthur, Oklahoma City, Oklahoma County, Oklahoma. On that date at approximately 7:30 A.M., an individual arrived at the service station and "hung around" until approximately 8:15 A.M. He testified he thought the individual was one of the construction workers next door and that he continued performing his duties at the station. At approximately 8:15 A.M., he walked back into the office at which time the individual pulled a .22 caliber pistol on him, demanded the keys to his car and some money. He testified he gave the individual approximately sixty-nine (69) dollars in bill denominations of ones, fives and tens. The individual took his auto to escape, whereafter he called the authorities and gave them a description of the individual as well as the automobile. He identified in court, the defendant as the individual who had robbed him on that morning.

Clyde Standifird testified that on the 1st day of March, 1974, he was employed with the Yukon Police Department and his working hours on that day were 8:00 A.M. until 4:00 P.M. At approximately 8:10 A.M. on that day, he was patrolling the streets of Yukon when he heard a broadcast from the Oklahoma City Police Department that an armed robbery of a service station had occurred and the suspect had stolen the service station attendant's car, fleeing West on I-40. At approximately 8:20 A.M. he and Deputy Sweitzer observed the escape vehicle traveling West on I-40 at the Highway 92 junction. He said they pursued the vehicle and upon stopping the vehicle they apprehended the defendant and found in the defendant's possession, sixty-nine (69) dollars in cash and a pistol.

Sam Sweitzer testified that on the 1st day of March, 1974, he was a Deputy Sheriff of Canadian County, and his testimony essentially corroborated that of Clyde Standifird.

Gordon W. Vowell testified that on the 1st day of March, 1974, he was employed with the Oklahoma City Police Department working the hours of 7:00 A.M. to 3:00 P.M. He testified that shortly after 8:00 A.M. he received information that an armed robbery of a service station at 700 S. MacArthur occurred and thereafter he had occasion to arrive at the scene where the defendant was apprehended by Officer Standifird and Deputy Sheriff Sweitzer. He stated that he had occasion to count the money taken from the defendant which amounted to sixty-nine (69) dollars in bill denominations of ones, fives and a ten.

The State then rested and the defendant presented no evidence on his behalf.

■ The defendant's first assignment of error requests this Court to consider the sufficiency of the evidence to support the verdict. We need only note that the aforementioned statement of facts reflects that the robbery victim positively identified the defendant as the perpetrator of the March 1st robbery. Shortly following the robbery the defendant was apprehended in the robbery victim's car and the defendant was found to have on his person an amount of money corresponding with that taken in the robbery. A pistol similar to the one used in the robbery was also found in the vehicle at the time of defendant's apprehension. Consequently, the record unequivocally reflects sufficient competent evidence from which the jury could find the defendant guilty as charged. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. See *Jones v. State*, Okl.Cr., 468 P. 2d 805 (1970). For this reason, this Court has no authority to invade the province of the trial facts and make a determination of the defendant's guilt or innocence. We, therefore, find this assignment of error to be without merit.

The defendant lastly requests this Court to consider the propriety of the punishment imposed. We need only note that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case and the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances the sentence is so excessive so as to shock the conscience of the Court. See *LaRue v. State*, Okl.Cr., 404 P.2d. 73 (1965). In the instant case we find no grounds for modification and for this reason we find the defendant's second assignment of error to be without merit.

After a careful review of the records an issue arises which we find merits discussion. The transcript of the trial proceedings reflects that upon the defense counsel's cross-examination of Officer Standifird the defense counsel elicited the following testimony from Witness Standifird:

"Q. Now, after you advised him of all of these rights, what conversation did you have with him then after that?

A. I didn't. He wouldn't—he never did say nothing.

Q. So no one—he didn't say anything?

A. To me he didn't.

Q. So you just apprehended him and then—

A. Turned him over.

Q. —told him he was under arrest and he didn't say anything and you took him on downtown to the jail house?

A. No. I turned him over to Oklahoma City, right there on the scene. They took him—"

A similar incident occurred upon the defense counsel's cross-examination of Officer Vowell which is reflected in the record of the trial proceedings as follows:

"Q. Well, what conversation at all did you have with the alleged Defendant? Did you have any conversation with him at that time after you read his rights to him?

A. He advised that he didn't wish to make any statement."

Certainly such testimony could be argued in a collateral attack upon the conviction to be a violation of the defendant's right to remain silent as guaranteed by the Fifth Amendment of the United States Constitution and Article II, § 20 of the Oklahoma State Constitution.

Under the majority decision of this Court in *Buchanan v. State*, Okl.Cr., 523 P.2d 1134 (1974), and the authority therein collected, the cross-examination of the defendant upon the issue of his pretrial silence was held to be clearly improper. The Court stated:

"It is the opinion of this Court that the cross-examination of the witness concerning her failure . . . to come forward and make a statement prior to trial and the closing argument stressing same constitutes fundamental error on behalf of the prosecuting attorney. The defendant had a clear constitutional right to remain silent from the moment she became a suspect. The prosecuting attorney's comment upon the defendant's failure to make a statement or to raise her defense of an alibi prior to trial constitutes a clear, fundamental, and reversible error on the State's part . . . ."

Thereafter, in *Burroughs v. State*, Okl.Cr., 528 P.2d 714 (1974), this Court examined an incident similar to that which occurred in the instant case. In *Burroughs*, supra, the Court stated:

"We recognize that this was error and do not condone the answer elicited from the police officer and we strongly suggest similar questions be omitted in the future because this type of question treads too closely upon forbidden ground.

There is a presumption that error of this kind is prejudicial, and in reviewing a case it becomes necessary for this Court to give full consideration to the record

and determine whether said presumption has been overcome and that prejudice did not result."

█ Ordinarily a party may not complain of error which he himself has invited, or which he has waived. See *Luker v. State*, Okl.Cr., 504 P.2d 1238 (1972). And the instant case involves error which certainly the defendant precipitated. However, to forestall any collateral attack predicated upon this issue, either directly or indirectly, we shall consider the matter upon its merits.

█ After a careful examination of the record we find any error which may have occurred as a result of these incidents is harmless beyond a reasonable doubt in light of the overwhelming evidence of defendant's guilt. See 20 O.S.1971, § 3001, and *Chapman v. Calif.*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

For the above and foregoing reasons the judgment and sentence appealed from is, accordingly, *AFFIRMED*.

BRETT, P. J., and BUSSEY, J., concur.