Freddie Joseph HILL, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. PC–77–134.

Court of Criminal Appeals of Oklahoma.

Aug. 31, 1977.

OPINION AND ORDER AFFIRMING
DENIAL OF APPLICATION FOR
POST–CONVICTION RELIEF

PER CURIAM:

Petitioner, Freddie Joseph Hill, hereinafter referred to as defendant, was convicted by jury, on June 27, 1974, of the offense of Murder, in the District Court, Oklahoma County, Case No. CRF–74–244. Defendant was sentenced to serve a term of life imprisonment. This conviction came after defendant's first trial was declared a mistrial because the jury was unable to reach a verdict. A direct appeal was perfected to this Court, and the conviction was affirmed in an unpublished opinion filed March 19, 1975, Case No. F–75–4. An application for Post-Conviction Relief, hereinafter referred to as application, was filed by the defendant under the provisions of 22 O.S.1971, §§ 1080 et seq., in the District Court, Oklahoma County, on May 16, 1975, and was summarily denied on June 2, 1975. The denial of the application was appealed to this Court. In an order entered on July 8, 1975, in Case No. PC–75–314, we vacated the denial and directed that an evidentiary hearing be held. The hearing was held and on September 24, 1975, the District Court, Oklahoma County, again denied the application. On January 14, 1976, in Case No. PC–75–604, we again vacated the trial court's denial of the application, and ordered that the defendant be appointed

counsel to urge review of his claim for Post-Conviction Relief. Counsel was appointed and evidentiary hearings were held on all issues raised by the original and amended application of the defendant. On January 25, 1976, the District Court, Oklahoma County, again denied the relief sought in the application. The defendant has perfected a timely appeal from that denial.

The defendant's first assignment of error is that the prosecutor made improper comment on the post-arrest, pretrial silence of defendant during cross-examination. The objectionable testimony is as follows:

"Q. When did you first decide that you wanted to use the party as an alibi in this case?

"MR. BREWER: I object to that, Your Honor.

"THE COURT: Sustained.

"Q. (By Mr. Geb) Did you tell any policemen that when you were interviewed that you were at a party that day?

"A. (By the witness) No, sir, I did not.

"Q. Did you tell any deputy sheriffs that you were at a birthday party that day?

"A. No, sir." (Tr. 204)

■ The impeachment use of a defendant's postarrest silence has been considered many times in recent years both in Oklahoma and in the United States Supreme Court. It is now beyond question that a defendant's post-arrest silence cannot be used against him in a State criminal prosecution for impeachment purposes. See, *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). In the case at bar, we recognize that it was error for the prosecutor to have questioned the defendant regarding his post-arrest silence, and we strongly suggest that similar questioning be omitted in the future. Moreover, in *Burroughs v. State*, Okl.Cr., 528 P.2d 714 (1974), the majority of this Court found that:

"There is a presumption that error of this kind is prejudicial, and in reviewing a case it becomes necessary for this Court to give full consideration to the record and determine whether said presumption

has been overcome and that prejudice did not result."

In the *Burroughs* case, supra, the trial court thoroughly admonished the jury to disregard the prejudicial remarks and in light of overwhelming evidence, found that the error had been cured. In the instant case, a similar admonishment was given by the trial court.

While we agree that the evidence in the present case is not overwhelming, it is strong, see, *Brown v. State*, Okl.Cr., 544 P.2d 555 (1975), and *Goodrich v. State*, Okl. Cr., 553 P.2d 219 (1976).

■ The defendant further urges that the error was magnified when the prosecutor again commented on defendant's post-arrest silence in closing argument. We need only note that the record failed to include the closing argument of either party, and this Court has often held that error not preserved in the record will not be considered. See, *Stickney v. State*, Okl.Cr., 541 P.2d 1359 (1975). After a careful examination of the record, we find that any error was rendered harmless beyond a reasonable doubt by the court's admonition and the strength of the State's evidence against the defendant.

■ The defendant raises as his second assignment of error, that allowing third person identification testimony during direct examination of the investigating officer was reversible error. The defendant objects to testimony by Detective Harrison concerning the identification of the defendant made by the two complaining witnesses, during a line-up and from photographs. A careful reading of the record reveals that although the defense counsel made numerous objections throughout the Detective's testimony, none of the objections were directed to the impropriety of allowing third person testimony concerning extra-judicial identification of the defendant. While the general rule is that testimony concerning a pretrial identification must be limited to that of the identifying witness and should not be extended to any third person present at the identification, *Hill v. State*, Okl.Cr.,

500 P.2d 1075 (1972), this Court has often held that in the absence of a timely objection to such testimony, its admission does not constitute reversible error. See, *Towning v. State*, Okl.Cr., 521 P.2d 415 (1974). Finding no timely objection by defendant, this assignment of error is found to be without merit.

As his third assignment of error, the defendant urges that the admission of a statement made by the defendant to Detective Bill Harrison was reversible error. The testimony which the defendant finds objectionable concerned the whereabouts of the defendant on the day of the murder.

" . . . He stated that he couldn't exactly pinpoint his activities on that date, but he said more than likely if I would check with Lexington, Oklahoma at the work release center out of McAlester that you will find that I was visiting my brother, Herbert." (Tr. 138).

■ The defendant raises three issues, the first being that the introduction of the detective's statement was incompetent, irrelevant, and immaterial. The defendant cites no authority and it is well established in this jurisdiction, that it is necessary for the defendant not only to assert error, but also to support his contentions with citations of authority, see, *Blozy v. State*, Okl. Cr., 557 P.2d 451 (1976).

■ The defendant next argues that the statement complained of was the fruit of an illegal arrest. This error does not appear in the record and is not available for review by this Court. See, *Stickney v. State, supra.* Moreover, the defendant failed to object to the introduction of the statement at trial for the reason now urged. See, *McCoy v. State*, Okl.Cr., 536 P.2d 1309 (1975).

■ The defendant lastly contends that the statement complained of was not shown to have been voluntarily given. However, a waiver similar to the waiver found in the preceding argument, occurred because the defendant failed to object at trial for the reason now alleged. See, *McCoy v. State, supra.* A careful reading of the record reveals that the detective did advise the defendant of his constitutional rights and that defendant waived those rights and stated that he would talk without having an attorney present. Therefore, we find this assignment of error to be without merit.

■ The defendant contends in his final assignment of error that he was denied adequate and effective assistance of counsel. The defendant alleges three instances in which counsel for the defendant performed inadequately. However, it is not apparent from the record that the errors alleged were actually caused by the inaction of the defense counsel. In *Walker v. State*, Okl.Cr., 550 P.2d 1339 (1976), this Court stated:

"We have repeatedly held that relief upon the ground of ineffective counsel will be granted only when the trial is a farce or mockery of justice, or is shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference and preparation. Further, the burden is clearly upon the defendant to establish inadequate representation, and this burden is not sustained by simply pointing out possible errors in counsel's judgment or lack of success in defense. See, *Jones v. State*, Okl.Cr., 513 P.2d 1402 (1973). * * * However, we agree with the argument of the State that hindsight always presents a better viewpoint than foresight and is not the proper measure for determining adequacy of legal representation." (Citations omitted).

In reviewing the transcript, we find that the record does not support the defendant's proposition, and therefore, we find no reversible error.

Freddie Joseph Hill is advised that he has now exhausted all of his State remedies.

For all of the above and foregoing reasons, the Order Denying Post-Conviction Relief is *AFFIRMED.*