The STATE of Oklahoma, Appellant,

v.

Roy Elden NEAL and Paul Everett Neal, Appellees.

No. PC–79–448.

Court of Criminal Appeals of Oklahoma.

Dec. 17, 1979.

James C. Langley, Dist. Atty., Keith A. Ward, Asst. Dist. Atty., Payne County, for appellant.

Robert B. Bird, Bird, McBride & Hochderffer, Stillwater, for appellees.

OPINION

CORNISH, Presiding Judge:

The issue before us in this State appeal from the granting of post conviction relief is the potential retroactive application of *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). The appellees were convicted of Burglary in the Second Degree in the District Court of Payne County, Case No. CRF–73–76, and each received punishment of four (4) years' imprisonment. On appeal, their convictions were affirmed. *Neal v. State,* Okl.Cr., 529 P.2d 526 (1974). Their application for post conviction relief was granted on July 10, 1979, on the basis of *Doyle v. Ohio,* supra, in which the United States Supreme Court held that the use for purposes of impeachment of a defendant's silence, at the time of arrest and after receiving *Miranda* warnings, violated Fourteenth Amendment due process.[1]

Inextricable from the retroactivity issue is the problem of impeachment of a witness by evidence of his post-arrest silence. We decided this issue in our opinion affirming the conviction, *Neal v. State,* supra, where it was argued that the District Attorney committed reversible error by cross-examining Paul Neal with regard to his silence at the time of arrest and by further commenting on that silence in closing argument. We found that Paul Neal waived any objection to the prosecutor's questions and comments when he explained his silence in response to a question asked him on direct examination in the presentation of the defense. This invited comment distinguished *Neal* from our prior decisions, *Buchanan v. State,* Okl.Cr., 523 P.2d 1134 (1974), and *Miles v. State,* Okl.Cr., 525 P.2d 1249 (1974), in which we found fundamental error when the State was permitted to inquire about or comment on the defendant's pretrial silence.

In light of the United States Supreme Court's decision in *Doyle,* this dis-

1. This Court has held that "It is now beyond question that a defendant's post-arrest silence cannot be used against him in a State criminal prosecution for impeachment purposes," citing *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). *Hill v. State,* Okl.Cr., 568 P.2d 635 (1977). However, the evidence in *Hill* was sufficient to result in a finding that the error was harmless.

tinction is no longer viable. It is clear that there are no circumstances under which impeachment by reference to a defendant's silence is a constitutional procedure. It follows that the law of *Neal* is by necessity overruled insofar as it is in conflict with *Doyle.*

 The rule of *Doyle,* however, has been promulgated since our decision in *Neal,* and it affects these appellees only if it is to be applied retroactively. Three criteria have been enunciated by the United States Supreme Court in determining the issue of retroactivity: The purpose of the new rule; the extent to which law enforcement has relied upon the old rule; and the effect of retroactive application of the new rule upon the administration of justice.[2] Our analysis of these standards leads us to hold that the rule of *Doyle* is to be given prospective effect only in Oklahoma.

It is therefore the order of this Court that the order of the District Court granting post conviction relief should be and the same hereby is *REVERSED.*

BRETT and BUSSEY, JJ., concur.

**2.** *Johnson v. New Jersey,* 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), cited by this Court in *Edwards v. State,* Okl.Cr., 591 P.2d 313 (1979).