JOHN C. MOFFIT V. THE STATE.

1. INDECENT EXHIBITION OF THE PERSON—INDICTMENT.—An indictment for making an indecent exhibition of the person, (Paschal's Dig., art. 2030,) which charges the act to have been done "in a public place, to wit: a public road," is bad; the publicity contemplated by the law has reference to persons who may witness the act rather than to locality.

2. SAME.—In indictments for this offense nothing more is generally necessary than to follow the language of the statute.

APPEAL from Bell.   Tried below before the Hon. J. P. Osterhout.

*George Clark, Attorney General,* for the State.

ROBERTS, CHIEF JUSTICE.—This indictment is bad, because stating that the defendant did designedly make an obscene and indecent exhibition of his own person "in a public place, to wit: on a public road," as expressed in the indictment, is not tantamount to stating that he did designedly make an obscene and indecent exhibition of his own person "in public," as expressed in the code. (Paschal's Dig., art. 2030.)

The publicity contemplated in the code has reference to persons who do or can see it rather than to the place.   A public road in the night-time or in a remote and unfrequented part of the country may be, and often is, such a place as that such an exhibition might be there made without its being made "in public," in the obvious meaning

of the law. On the other hand, the place may itself be private, and yet the person be so exhibited to public view as to be an exhibition of the person "in public" in the meaning of the law.

In indictments of offenses of this character it is generally sufficient and proper that the language of the statute should be followed, nothing more nor less.

Judgment affirmed.

AFFIRMED.