## H. P. BOWDEN v. STATE.

No. A-6354.   Opinion Filed Jan. 14, 1928.
(263 Pac. 162.)

Morgan, Osmond & Morgan, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM. On information charging in substance that in Caddo county, on the 28th day of January, 1925, H. P. Bowden did sell and dispose of two mules, valued at $160, and one wagon and harness, valued at $50,

and when said property was so sold there was a valid and existing chattel mortgage given by the said H. P. Bowden to the First National Bank of Anadarko, to secure payment of the sum of $210, wholly unpaid, said property was so sold without the written consent and without the knowledge of said mortgagee, and that said H. P. Bowden so sold said property with the unlawful and felonious intent to then and there cheat and defraud said bank out of said sum of $210.

On the trial the jury returned a verdict finding him guilty as charged and fixed his punishment at imprisonment in the penitentiary for the term of one year and one day. On March 17, 1926, judgment was rendered in pursuance of the verdict. An appeal therefrom was taken by filing in this court, on August 24, 1926, a petition in error with case-made.

On November 9, 1927, the Attorney General filed a motion to dismiss the appeal as follows:

"The appeal was prosecuted as that of a poor person and the plaintiff in error failed to give a supersedeas bond, and was immediately transported to and received into the State Penitentiary on March 20, 1926.

"Counsel for plaintiff in error states in his brief which was filed in this court on October 20, 1926, that the plaintiff in error was at that time serving his term in the State Penitentiary.

"Allowing good time and work time the term of this plaintiff in error would have been served by the last of November, 1926. In any event the full term of one year and one day from March 20, 1926, would have expired on and with March 21, 1927, without the allowance of either good time or work time.

"It is apparent, therefore, that plaintiff in error has served the term of imprisonment provided in the judgment of conviction in this case and thus has satisfied the judgment.

"The questions involved in this appeal for such reason have become moot and the appeal should be dismissed."

Upon the record before us we are convinced that the motion to dismiss should be sustained.

Under the rules of this court counsel for plaintiff in error could have the cause advanced for submission by directing the attention of the court to the fact that no supersedeas bond had been given and by filing a brief or by asking that the cause be submitted on the record.

If plaintiff in error was given the benefit of good time and work time, seven months confinement would satisfy the sentence, and it is made to appear that about that time plaintiff in error received an expiration pardon.

For the reasons stated, the motion to dismiss the appeal is sustained, and it is so ordered.