## W. B. SPELLING v. STATE.

No. A-8657. Dec. 22, 1933.
(28 Pac. [2d] 584.)

Paul Powers and Perry & Bristow, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J. Plaintiff in error, hereinafter called defendant, was convicted on his plea of guilty in the court of common pleas of Oklahoma county and was sentenced to serve a term of six months in the county jail. The appeal is by transcript. If any testimony was taken, it is not disclosed by the record.

The prosecution is under section 2388, Okla. Stat. 1931, which defines a crime where any person willfully and lewdly exposes his person or private parts in any public place or in any place where there are present other persons to be offended or annoyed thereby.

An appeal from a plea of guilty may be taken as a matter of right. Hardy v. State, 35 Okla. Cr. 75, 248 Pac. 846. Since a judgment upon a plea of guilty is in effect a judgment by confession, an appeal will be unavailing unless some jurisdictional question or question going to due process is presented.

Defendant makes but one contention: that the information does not charge an offense with sufficient certainty to give the court jurisdiction. As we gather from the brief, counsel argue the act constituting the offense must be in a public place where there are other persons present to be offended or annoyed thereby. Citing McKinley v.

State, 33 Okla. Cr. 434, 244 Pac. 208. The decision in that case turns upon the meaning to be given the word "lewdly" as used in the statute. Clearly the statute is that if a person commits the act in a public place, he is guilty. If he commits it in any place where there are other persons to be annoyed thereby, he is guilty. The appeal is wholly without merit.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.