**Carl Richard DAVISON, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–12111.**

Criminal Court of Appeals of Oklahoma.

March 2, 1955.

Frank Hickman, and Frank Robert Hickman, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in Error, Carl Richard Davison, Defendant below, was charged in the District Court of Tulsa County, Oklahoma, by information, with the commission of the offense of indecent exposure, T. 21, § 1021, O.S.1051, in the City of Tulsa, Oklahoma, on August 25, 1953. The defendant waived a jury and the case was tried to the court who found the defendant guilty and fixed his punishment at 18 months in the Penitentiary; suspended under the provisions of T. 22, § 991, O.S.1951; the defendant having borne a good reputation, and being without prior conviction. From this conviction, judgment and sentence, this appeal has been perfected.

■■ It is sufficient to say that the evidence was conflicting; the state offered proof which, if believed, adequately supports the charge, and the defendant's evidence was sufficient, if believed, to have acquitted him. Under these conditions the matter was one for the determination of the trial court. It has been repeatedly held, " 'where a jury is waived and a case tried to the court, his findings as to the guilt of the defendant will not be reversed where there is any competent evidence in the record, together with the reasonable inferences and deductions to be drawn therefrom, supporting the court's finding' ", McCarthy v. State, 91 Okl.Cr. 294, 218 P.2d 397, 402; Crim v. State, 68 Okl.Cr. 390, 99 P.2d 185, and other cases to the same effect. The record evidence is sufficient to support the judgment and sentence.

This prosecution was brought under the provisions of T. 21, § 1021, O.S.1951, the pertinent part of which reads as follows:

"Every person who wilfully and lewdly either: First: Exposes his person, or private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby; * * *."

The defendant relies on the proposition that the foregoing provision of the statute prohibits "exposure of one's private parts", "in any public place, or in any place where there are present other persons * * *." It is apparent the foregoing provisions of the statutes define two situations in which indecent exposure may constitute a violation of law.

■ The evidence of the state discloses the defendant in an entirely nude condition displayed himself from his garage, through an ordinary open back door, in the late afternoon of a bright sunny day, to Mrs. M. C. Norris. The first time Mrs. Norris observed the defendant's exhibition of himself was when she came out to her clothes line, situated in her back yard, across from their back property lines. She testified he was making motions to her, and masturbating. It has been held that the offense does not depend upon the number of people present and, that an intentional act of lewd and indecent exposure to one or more persons is sufficient to make out a case under the law; Massachusetts Commonwealth v. Broadland, 315 Mass. 20, 51 N.E.2d 961; 67 C.J.S., Obscenity, § 5, Note 56, p. 26; Commonwealth v. Bishop, 296 Mass. 459, 6 N.E.2d 369.

The defendant continued the exposure of his person to Mrs. Norris when she went into her house, as well as to three of her neighbors whom she called to her kitchen window to observe the defendant's exhibition. In this exhibition, the defendant was lying prone on the floor in front of the open, sunlit back door to the garage. Two of these observers, Mr. Westling, and Mr. Johnson, said they could see his private parts. The record discloses this was not the first time such conduct on the defendant's part had been so observed.

On 'that statement of the record, the defendant urges that taking the evidence of the state as true, his exposure took place within four walls of his garage and that the evidence fails to establish that there was present in that place (the garage), any other person. The defendant places the emphasis upon the words "or in any place where there are present other persons * * *", in fact in substance he contends the last quoted language means other persons must be present in the place (the garage) with a person who is exposing him-

self. This is a case of first impression where such contention has been raised in Oklahoma.

Apparently the defendant believes the statute should be limited to a place such as the garage in the case at bar, and that persons must have been in the garage with him at the time of the exposure. We do not believe it was the intention of the legislature to so restrict the meaning of the statute to a garage, or a room where other persons were present. This theory of the defendant, if followed to its logical conclusion, would make it impossible to convict one who wilfully and lewdly exposed himself from a closet within his house, to guests in his living room in a manner comparable to the exhibition of this defendant from his garage. We do not believe the statute should be so restricted, neither do we believe that it was the intention of the legislature, or that it is within the power of this court, to extend, or enlarge by implication, or inference, the foregoing statute. Little v. State, 55 Okl. Cr. 420, 32 P.2d 94; McDonald v. State, 54 Okl.Cr. 122, 15 P.2d 149; Ex parte Barnett, Okl.Cr., 252 P.2d 496; Ex parte Overturff, Okl.Cr., 252 P.2d 505–508. We are of the opinion however, that the legislative intent should be sought in the ordinary meaning of the words of the statute, construed in view of the connection in which they are used and of the evil to be remedied. Couch v. State, 71 Okl.Cr. 223, 110 P.2d 613. Our inquiry then is what did the legislature mean by the terms "place", and "present"? Webster's New International Dictionary defines a place as an open space, or square, in a city or town; a street, an area, a court, a private residence, a terrace, etc. Webster's New International Dictionary also defines the term "presence", or "present" to mean as being before, in view, or at hand; being within reach, sight, or call, etc. Applying the foregoing definitions of place and present to the statute herein, it is apparent therefore that anyone who wilfully and lewdly exposes himself in a public place, an open space, area, square, street, private residence, or in any place where others are present, in view of, being before him, or in sight of him, and to

be annoyed thereby, such exhibitionist has violated the provision of T. 21, § 1021, O.S.1951.

We do not believe that the foregoing interpretation of the statute is an unreasonable one. It was said in Spelling v. State, 55 Okl.Cr. 195, 28 P.2d 584: "If he commits it in any place where there are other persons to be annoyed thereby, he is guilty." The learned author of that opinion might have said, if (an accused wilfully) committed the indecent exposure in any place where others were present before him, or in view of him, or within sight of him, which person may be annoyed thereby, he is guilty. In Moffitt v. State, 43 Tex. 346, the Texas Court of Criminal Appeals said:

"The publicity contemplated in the code has reference to persons who do or can see it rather than to the place. * * * On the other hand, the place may itself be private, and yet the person be so exhibited to public view as to be an exhibition of the person 'in public' in the meaning of the law."

With such holding, we are in accord. We are of the further opinion that there is little distinction as to matter of the place from which the exposure is consummated, for even a semi-private place such as the garage herein involved, could become in the eyes of the law, a place of public exposure, if there are persons in view, or sight to see it, and who are annoyed thereby. In Regina v. George Thallman, LE. & CA. 327, 169 Eng.Rep. 1416, Crown Cases Book 2, it was said:

" * * *, the place and the exposure were sufficiently public to bring the acts of the prisoner within the law, if they should be of opinion that he exposed himself, in fact, indecently, wilfully, and intentionally."

We are therefore of the opinion that the gist of the offense is a wilful, intentional, lewd exposure of one's private parts in any place, whether public or private, where a person, or persons to be annoyed thereby, are present, or in sight of said exhibition, and where such exhibition is made with such knowledge.

Clearly this defendant falls within both the letter and spirit of T. 21, § 1021 O.S.1951. The judgment and sentence herein imposed are accordingly affirmed.

JONES, P. J., and POWELL, J., concur.

JONES, Presiding Judge (concurring specially).

It should be emphasized that the only evidence in the record to sustain the conviction was the testimony of Mrs. Norris concerning her observance of the accused who motioned to her while he was naked and standing near the small door in the back of the garage while she was hanging some clothes on a line. This conviction would not be sustained on the testimony of what Mrs. Norris and some of the neighbors who had gathered in her house observed while they were peering through some organdy curtains in the kitchen and saw the defendant through a door two and one-half feet wide lying naked on the floor of the garage. This garage was estimated to be 50 to 70 yards from the kitchen window, the accused apparently had no knowledge that he was being observed and furthermore I cannot conclude that they were annoyed at what they saw. After Mrs. Norris went into her house, she gathered the neighbors so that they could all be "annoyed." According to the testimony of these witnesses they watched the accused intently as he lay according to them, "as if taking a sun bath" and they were so "annoyed" by what they had seen that they continued to take turns at the window and look at him for a period estimated to be from 15 to 30 minutes. It seemed more like family night at the circus with everybody clamoring to get into the sideshow to see the freak.

Under the statute, before the defendant could be convicted, one of two things must occur. First, the exposure of his person must be in a public place. Second, if not in a public place, there must be other persons present who are offended or annoyed by the exposure.

In the instant case there is no contention that the accused exposed himself in a public place and in order for the conviction to be sustained, it must be on the theory that the exposure of his person was at a place where there were other persons present who were offended or annoyed thereby.

Because there might be a possible misinterpretation of the opinion of the court, I take this means to emphasize that the act of the accused in the instant case of lying on the floor of his enclosed garage while nude was extremely unconventional and might even be classified as indecent or reprehensible, but it certainly was not a crime within the meaning of the act here involved for two reasons. First, it was not in the presence of other people as contemplated by the act, and secondly, the parties who saw the exhibition were evidently not annoyed nor offended. According to Webster "offend" means to cause dislike, anger or vexation and "annoy" means to vex or irritate. I cannot believe that a person who is very much annoyed or offended would continue to look at something that was annoying her for a period from 15 to 30 minutes where she was not compelled to witness such an alleged exhibition.

The accused, who offered substantial evidence of credible witnesses to prove an alibi, was a young war veteran who had served 2 years in the army, had 4 children, a degree in engineering and an excellent job. He had lived an exemplary life until this purported occurrence. No one allegedly saw him masturbating except the witness Norris. According to the other witnesses he was lying on the cold concrete floor, blissfully unaware that he was the object of so much concentrated attention. If the trial court had not suspended the execution of the sentence, I would have favored a modification of the judgment.

I am authorized to state that POWELL, J., concurs in the views I have herein expressed.