**Earl Monroe BAKER, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A-12223.**

Criminal Court of Appeals of Oklahoma.

Nov. 30, 1955.

Quinn M. Dickason, Tulsa County Public Defender, Tulsa, for plaintiff in error.

382

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

The defendant, (plaintiff in error) was charged in the district court of Tulsa County with indecent exposure, was tried before a jury, convicted and his punishment fixed at the maximum, by way of imprisonment for the crime charged, to-wit: Ten years confinement in the state penitentiary. Tit. 21 O.S.1951 § 1021, third.

On appeal but one point is urged, and that in effect is that the punishment assessed was the result of passion or prejudice engendered by evidence of other acts akin to the present charge being indicated to the jury, but where convictions were not had. Counsel admits that the subject was inadvertently opened up by him.

The record discloses that the defendant, a 33 year old Indian or part Indian boy, was a laborer. He had just rented a room on the third floor of a rooming house known as the Avalon Hotel, at Second and Main, Tulsa. This was on the afternoon of October 15, 1954. Mrs. Athelie Caswell, her husband Bob M. Caswell, and her thirteen year old son, Eldon Rutherford and her baby were riding in a car, and the husband was driving. As they approached the intersection of Second and Main Streets, a traffic stop sign was noticed, and the car was brought to a stop, and the little boy said, "Mother, look at that man standing there in that window." Mrs. Caswell looked and saw a man nude from the knees up, and that he was playing with his privates with one hand and motioning with the other. The husband notified the police officer on the corner, and two officers went to room 15 of the Avalon Hotel, 5½ East Second Street, and found the defendant, who had on his pants but no shirt.

Bob M. Caswell and police officer Jerry Felts and the thirteen year old boy, Eldon Rutherford, also testified to seeing the defendant nude and playing with his private parts as traffic was passing.

The state showed that defendant had a previous conviction for drunkenness.

His counsel, instead of asking him if he had ever been convicted of any other crime, inadvertently asked him if he had ever been charged with a similar offense, and he answered "Yes". Thereafter the county attorney asked defendant if it was not a fact that he had been picked up on an indecent exposure charge by the Tulsa police department on February 2, 1942, on June 7, 1949, and on June 11, 1949. Defendant denied being picked up but one time previously, and claimed that he was going to work and his pickup broke down, and someone in a tunnel by the river accused him of lewd conduct, but the case was dismissed.

Only one witness, Mrs. Caswell, testified to observing the defendant "motioning". Her husband and son said that he was "waving". Accused was on the third floor of the hotel, and a great number of persons, both male and female, were passing along the street. Defendant was not shown to have been intoxicated. In fact, he denied having been drinking. He apparently got an abnormal, if not insane, satisfaction from appearing nude before the public, and abusing himself in the view of others. Without doubt the man needs medical or psychiatric treatment. The prejudicial cross-examination of the defendant by the county attorney, it would seem, may account for the extreme penalty assessed by the jury. This was not a case where the accused had accosted children or a lone woman, or group of women.

The subject here involved was treated at some length by this court in an opinion prepared by the late Judge Barefoot in Daves v. State, 77 Okl.Cr. 343, 141 P.2d 603. That case may be referred to in support of our action in the within case.

By reason of the prejudicial cross-examination of the defendant, who had not been previously convicted of a similar charge, it is our thought that justice will be subserved by reducing the prison term assessed from ten years in the state penitentiary, to two years, and the judgment as so modified is affirmed.

JONES, P. J., and BRETT, J., concur.