**Donald Richard MAGHE, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. A–17833.**

Court of Criminal Appeals of Oklahoma.

March 8, 1973.

Donald Richard Maghe, pro se.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Kenneth L. Delashaw, Jr., Legal Intern, for appellee.

OPINION

BRETT, Judge:

Appellant, Donald Richard Maghe, herein referred to as defendant, was charged, tried, and convicted in the District Court of Okmulgee County, Oklahoma, Case No. CRF–72–14, for the offense of Driving While Under the Influence of Intoxicants, Second or Subsequent Offense. Defend-

ant's punishment was fixed at three years imprisonment. From that judgment and sentence, he has perfected his timely appeal to this Court.

At defendant's trial the evidence revealed that on January 24, 1972, Trooper Delbert Crouch was patrolling between Okmulgee and Henryetta, Oklahoma, on Highway 75, when he observed the defendant's vehicle pass him at what he determined from his VASCAR unit to be a speed of 85 miles per hour. Officer Crouch made pursuit with all emergency devices in operation. While pursuing the defendant's vehicle, he observed the defendant weave between the inside and outside lane of the four-lane highway, forcing another motorist to the shoulder of the highway. When defendant's vehicle was stopped, defendant emerged from the driver's seat, stumbled, and fell against his car. Thereafter, defendant had extreme difficulty in maintaining his balance, had a strong odor of alcohol about his person, and his clothes were in disarray. The testimony of Officers Crouch, Joseph Dan Marshall, Richard Lyles, and Ray Devillibus, the officers assisting in making the arrest, revealed that defendant definitely appeared to be under the influence of intoxicants.

Defendant testified that he and the other person in the vehicle were returning from Arkansas; that they had been looking for employment; that on the way back they stopped at the house of the defendant's sister in Tulsa for some nerve pills which defendant required for a nervous condition. While still within the Tulsa City limits, defendant and his passenger stopped and drank two beers before continuing their drive. On cross-examination, defendant admitted four prior felony convictions.

At the second stage of the trial proceedings, State's Exhibits Number 3 and 4, a judgment and sentence and a court minute, pertaining to a former conviction on a plea of guilty for driving a motor vehicle while under the influence of intoxicants, were introduced into evidence. The trial record is completely silent in showing whether or not at defendant's prior conviction the court advised the defendant of his right to have court appointed counsel prior to entering his plea of guilty on that charge. Further, the record unequivocally indicates the defendant was indigent at the time his plea of guilty was entered in the prior conviction.

Defendant, pro se, submits that the judgment and sentence of the prior conviction, for driving while under the influence of intoxicants, and admitted into evidence in the second stage of the trial proceedings, should have been suppressed as the record of the prior conviction fails to disclose whether or not the trial court advised the defendant of his right to have court appointed counsel when he pled guilty for that offense. Defendant is correct. See Argersinger v. Hamlin, 407 U.S. 25, 92 S. Ct. 2006, 32 L.Ed.2d 530 (1972).

In Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), the use of prior convictions for the enhancement of punishment became prohibited when procedural safeguards imposed in Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799 (1963) were not followed in the prior conviction. In *Argersinger*, supra, the same standards imposed upon felonies in *Gideon*, supra, have been imposed upon misdemeanors. Consequently, it follows that the rule in *Burgett*, supra, is applicable in the instant case. The procedural standards set forth in *Argersinger*, supra, must be followed in a prior misdemeanor conviction before it may be used to enhance punishment in a current prosecution.

Therefore, the court erred in admitting the judgment and sentence of the prior conviction in the second stage of these proceedings, since presuming waiver of counsel from a silent record is impermissible, Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962), and since the record is silent in regard to the court having properly advised the indigent defendant of his right to court appointed

counsel in that prior conviction, which was used to enhance punishment in this case. We must conclude therefore, the punishment imposed herein is not properly supported by the evidence; and consequently, the jury should have been permitted to impose punishment to the maximum of one year imprisonment, as prescribed by 47 O. S.1971, § 11–902, for a first offense.

We are therefore of the opinion the judgment and sentence imposed in District Court of Okmulgee County Case No. CRF–72–14, should be modified to Driving While Under the Influence of Intoxicants; and the sentence should be modified to imprisonment for one year; and insofar as defendant is presently incarcerated in the State Penitentiary, such sentence shall be satisfied at the State Penitentiary.

It is so ordered.

It is further ordered that the records in the Court Clerk's Office, the State Department of Corrections, and the Warden's Office at the State Penitentiary shall be corrected in accordance with this decision.

BLISS, P. J., and BUSSEY, J., concur.