James Jeremiah **BAILEY, Appellant,**

v.

The **STATE of Oklahoma, Appellee.**

No. F–80–384.

Court of Criminal Appeals of Oklahoma.

Aug. 18, 1981.

---

4. Title 47 O.S.Supp.1980, §§ 11–101 and 11–902. Compare *Williams v. State*, 372 P.2d 237 (Okl.Cr.1962) (ruling on an earlier statute).

Charles S. Rogers, Deputy Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, James Jeremiah Bailey, was convicted in Pottawatomie County District Court, Case No. CRF–79–146, of Driving While Under the Influence of Intoxicating Liquor, second or subsequent offense, in violation of Laws 1978, ch. 108, § 1, now 47 O.S.Supp.1980, § 11–902. Punishment was fixed at four (4) years' imprisonment, and appellant appeals.

The appellant contends, as his first assignment of error, that the trial court erred in failing to suppress evidence arising from his arrest, which he argues was made without probable cause to believe that an offense was committed in the presence of the arresting officer. On the day of the arrest, a detective from the Shawnee Police Department, driving an unmarked car, noticed that the driver next to him identified as the appellant, was loud, profane and arguing with a passenger. When the driver turned into a parking lot, the detective followed, and observed the driver leave his car, walk with difficulty to a building, and return to the car. The detective then radioed for a marked cruiser to investigate a possibly drunk driver. Two patrolmen arrived in a police cruiser soon after the car, with its driver and two passengers, left the lot and proceeded onto a city street. The detective pointed out the vehicle to the officers and identified it as the cause of some traffic congestion apparent in the area.

The patrolmen noticed that the car was traveling five (5) to ten (10) miles per hour in a thirty (30) mile per hour zone, and that an estimated fifteen (15) or so cars had backed up behind the vehicle. The officers attempted to pull the vehicle over by means of hand gestures, flashers and siren, but eventually had to pull in front of the vehicle to stop it. When the officers approached the vehicle they smelled the odor of alcohol emanating from the driver's window. When the appellant got out of the car they smelled alcohol about his person and noticed his slurred speech and his difficulty in standing. The driver was then arrested for Driving Under the Influence.

The appellant argues that the patrolmen stopped the car and arrested him solely on the basis of the communication received from the detective, and hence, the officers arrested him for a misdemeanor not committed in their presence, bringing this case within *Shirey v. State*, 321 P.2d 981 (Okl.Cr.1958) and *Saltsman v. State*, 95 Okl.Cr. 228, 243 P.2d 737, (1952). However, we are of the opinion that the applicable rule is set out in *Moore v. State*, 306 P.2d 358 (Okl.Cr.1957) and *Stewart v. State*, 395 P.2d 346 (Okl.Cr.1964). An officer may make a reasonable inquiry of one observed by him, or brought to his knowledge, under circumstances suggesting either that a crime has been or is about to be committed. Moreover, an officer may stop someone when the method of driving and the personal appearance indicate that the person is a menace. Accordingly, this assignment of error is without merit.

■■ As a second assignment of error, the appellant urges that the trial court erred in failing to instruct the jury on the offense of Driving While Impaired, Laws 1975, ch. 119, § 5, now 47 O.S.Supp.1980, § 761, an alleged lessor offense included within the offense charged, Driving Under the Influence, Laws 1978, ch. 108, § 1, now 47 O.S.Supp.1980, § 11–902. However, we note that the evidence did not support the giving of such an instruction: The appellant's defense was that the low speed was due to brake trouble; his difficulty in walking was the result of knee trouble; and he at no time was driving the car in controversy on the day in question.

Moreover, this writer is of the opinion that the two offenses are not so related under 22 O.S.1971, § 916, as to make one a lesser included offense of the other. Title 47 O.S.Supp.1980, § 756, provides that operating while impaired requires proof that the driver's ability to operate was impaired by alcohol, e.g., .05% or more blood alcohol content, plus evidence that the public health or safety was threatened, or laws broken by the operation of the vehicle. However, a prima facie case of driving while intoxicated may be established by proof of a blood alcohol content of .10% or more. It may be seen that operating while impaired requires proof of the use of alcohol, and an effect of that use on the accused's driving. Driving while intoxicated only requires proof of the driver's condition, such as a high (.10% or more) blood alcohol content. Since the supposed lesser offense requires proof of an additional element not required for the greater offense, commission of the lesser is not necessarily involved in the commission of the greater within 22 O.S.1971, § 916. This assignment of error is without merit.

The appellant urges as his third assignment of error that the sentence was excessive due to the use of two prior misdemeanor convictions, in the second stage of the trial, which were void due to deprivation of the right of counsel. The State alleged in the amended information three prior convictions: CRM–74–244, Driving While Under the Influence, in Carter County District Court; CRM–73–862, Driving While Under the Influence of Intoxicating Liquor, in Johnston County District Court; and CRF–75–354, Driving While Under the Influence of Intoxicating Liquor, Second or Subsequent Offense, a Felony, in Pottawatomie County District Court. Of the three, only the judgment and sentence document pertaining to the last one, the felony, reflects on its face that the appellant was represented by counsel.

■■ Prior convictions without the presence of counsel or a record reflecting a waiver of the right to counsel may not be used to enhance punishment. See *Burgett v. Texas*, 389 U.S.109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); and *Maghe v. State*, 507 P.2d 950 (Okl.Cr.1973). In this case, no objection was made, at trial, to the use of the alleged invalid convictions. Moreover, the effect of those convictions can be presumed to have been slight, as they are the older of the alleged priors, and an apparently valid felony conviction was present in the record. The precise effect of the error will be reserved for later consideration.

The appellant alleges as his fourth and final assignment of error that erroneous and prejudicial cross-examination of the appellant by the prosecutor occurred during the second stage. He first complains of inquiry into the two prior misdemeanor convictions discussed previously under the third assignment of error. However, erroneous questioning concerning these convictions did not add significantly to the erroneous reception of those convictions into evidence in this case.

■■ He finally contends in this regard that the prosecutor improperly went into details of the appellant's prior convictions while eliciting from the appellant the fact that he had run over a child riding a motorcycle. This testimony apparently related to the appellant's former felony conviction for leaving the scene of an accident after former conviction of a felony, evidence of which was admitted during the second stage. Since this was a conviction of a felony° offense and since the appellant's credibility had been placed in issue by his

taking the stand in the second stage, this inquiry was not improper. See Laws 1978, ch. 285, § 609, now 12 O.S.Supp.1980, § 2609(A)(2), and *Chase v. State*, 541 P.2d 867 (Okl.Cr.1975).

In light of the error in the introduction of evidence of the prior, uncounseled convictions in the second stage, the sentence is modified from four (4) years to three (3) years' imprisonment and, as MODIFIED, the judgment and sentence is AFFIRMED.

BRETT, P.J., dissents.

CORNISH, J., concurs in results.

BRETT, Presiding Judge Dissenting:

I respectfully dissent to this decision for the reason the instruction on Driving While Impaired was not given, in accordance with *Jackson v. State*, 554 P.2d 39 (Okl.Cr.1976). See also my dissent to *Bailey v. State*, 633 P.2d 1249 (Okl.Cr.), wherein a more complete statement is made concerning the offense of Driving While Impaired, as contrasted to Driving Under the Influence of Intoxicants.