Robert WILSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–625.

Court of Criminal Appeals of Oklahoma.

Aug. 5, 1982.

Andrew L. Hamilton, Bay, Hamilton, Lees, Spears & Verity, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Appellate Crim. Div., Oklahoma City, for appellee.

OPINION

CORNISH, Judge:

The appellant was convicted in Oklahoma County District Court of Carrying a Firearm into an Establishment Where Beer and Intoxicating Liquor are Consumed. The jury fined him one thousand dollars ($1000.00).

On February 3, 1981, Officer Beal was patrolling the parking lot of the Casino Club. Officer Beal testified that he saw a white male standing at the rear of a Cadillac with the trunk open. He watched him take a handgun out of a black brief case. He then put the handgun in his left boot and pulled his jeans over his boot. Officer Beal drove his police car over by the appellant and told the appellant to stop. The appellant closed the trunk on the Cadillac and proceeded to walk in front of Officer Beal's police unit. He then ran into the Casino Club. Beal pursued Watson into the Casino Club.

Beal caught up with the appellant inside the club and escorted him outside with the assistance of Officer Howie. Once outside the club, Officer Beal frisked the appellant and Officer Howie removed a revolver from his left boot. Officer Beal further testified that at the time of the arrest the appellant told him that he removed the gun from his car because someone inside the club had threatened him. Officer Howie testified that he was also patrolling the area and observed Officer Beal chasing the appellant into the Casino Club. Officer Howie assisted Officer Beal in escorting the appellant from the club. Howie's testimony substantially paralleled Beal's testimony as to the circumstances surrounding the arrest.

The appellant, Wilson, testified that he went to the Casino Club because the owner of the club was interested in purchasing his Smith and Wesson revolver. He testified to substantially the same series of events as were related by the two police officers. However, Wilson explained that he did not realize Beal was a police officer when he hollered, "hey, you". Wilson stated that

Officer Beal caught up with him immediately after he entered the club. He further testified that he did not get into the club area where alcohol was being served.

The appellant argues that the trial judge erred in failing to instruct the jury on the lesser included misdemeanor offense of Carrying a Concealed Weapon. We agree that the trial judge should instruct on every degree of the crime which the evidence reasonably suggests, however, we do not agree that the crime of carrying a concealed weapon under 21 O.S.1981, § 1289.8 [1] is a lesser included offense of carrying a firearm into an establishment where beer and intoxicating liquor are consumed, 21 O.S.1981, § 1272.1.[2] These are two separate and distinct offenses.

Generally, where the same act violates two or more separate and distinct statutes, the test is whether each offense requires proof of some fact or element which the others do not require to sustain a conviction. 22 O.S.1981, § 916; *Bailey v. State*, 633 P.2d 1252 (Okl.Cr.1981). Where offenses overlap, the district attorney in his discretion may decide which statute to prosecute under.

The crimes of "carrying a concealed weapon" and "carrying a firearm into establishments where beer and intoxicating liquors are consumed" are readily distinguishable. Section 1272.1, requires proof that the accused carried a weapon or firearm into an establishment where beer or intoxicating liquor is consumed. This element is not required to be shown under Section 1289.8. Further, Section 1289.8 requires the State to prove that the accused unlawfully carried a weapon which was concealed. Section 1272.1 does not require the State to prove the weapon was concealed.

Therefore, we find that Section 1289.8 is not a lesser included offense of Section 1272.1. It was properly within the prosecutor's discretion to charge the appellant under Section 1272.1, a felony, rather than Section 1289.8.

The appellant also asserts that the State failed to prove all the elements necessary to make a prima facie case. We find that there is sufficient competent evidence in the record to support the jury's determination of guilt.

BRETT, P. J., and BUSSEY, J., concur.

---

1. Section 1289.8 provides, "It shall be unlawful for any person, except a law enforcement officer, a registered security officer or a person employed by an armored car firm licensed by the Corporation Commission, to carry a concealed weapon other than permitted by this act."

2. Section 1272.1 provides, "It shall be unlawful for any person, except a peace officer, as defined in Section 99 of Title 21 of the Oklahoma Statutes, when in the county or counties of his employment or residence, or the owner or proprieter of the establishment being entered, to carry into or to possess in any establishment where beer or alcoholic beverages are consumed any of the weapons designated in Section 1272, Title 21 of the Oklahoma Statutes.

Provided however, nothing in this act shall be interpreted to authorize such peace officer in actual physical possession of a weapon to consume beer or alcoholic beverages, except in the authorized line of duty as an undercover officer.