Willie Ray BLAKELY, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–90–624.

Court of Criminal Appeals of Oklahoma.

Oct. 27, 1992.

Jeffrey L. Hatfield, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., Steven S. Kerr, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LANE, Presiding Judge:

Willie Ray Blakely, Appellant, was tried by jury and convicted for the crimes of Possession of a Controlled Dangerous Substance (63 O.S.1981, § 2–401) and Possession of a Weapon While Committing a Felony (21 O.S.1981, § 1283) in Oklahoma District Court, Case No. CRF–89–2637. In accord with the jury's recommendation, the trial court sentenced Appellant to thirty (30) years imprisonment on the drug charge, and fifteen (15) years imprisonment on the weapon charge, to run concurrently. The trial court also levied a fine of $7,500.00 on the drug charge.

Appellant's three propositions of error are that improper evidence of another drug crime he committed denied him a fair trial, improper stop of his vehicle makes items found in the subsequent search inadmissible, and insufficient evidence to prove the weapons found in his possession were capable of discharging projectiles. We hold that the evidence of the other drug crime was improperly admitted and reverse and remand for new trial.

At approximately 2:30 a.m. on May 14, 1989, the owner of the Country Club Barbecue in the 2700 Block of Northeast 23rd Street in Oklahoma City called the Oklahoma City Police and reported people might be dealing drugs out of a red Chevy Blazer in the parking lot. Officer Terry Sterling, who was on patrol in the area, received the dispatch and within a few minutes arrived at the scene and parked across the street from the barbecue. Officer Sterling saw the people in the parking lot scatter, and almost immediately a red Blazer drove around the back of the Country Club Barbecue building, and, without signalling, pulled out on to 23rd Street. Officer Sterling pulled in behind the Blazer and stopped it.

When Appellant quickly exited the Blazer and approached the police car before Officer Sterling had reported his stop, Officer Sterling ordered him to return to the Blazer. Officer Sterling then approached the Blazer. The driver's door was open and while Officer Sterling talked with the appellant he observed a small plastic bag containing what appeared to be crack cocaine sticking out of the pocket on the driver's side door. He ordered the appellant and his two female companions out of the vehicle. Officer Sterling then discovered an unloaded .38 caliber hand gun on the passenger's seat, and a loaded Beretta 380 automatic pistol in the pocket on the passenger's door. A subsequent inventory search following impoundment of the vehicle revealed a loaded pistol under the back seat, a loaded shotgun in the cargo section, and six .38 caliber bullets in the pocket on the driver's side door where the baggie of crack cocaine was found.

The trial court overruled the defense motion in limine and over contemporaneous objection allowed the State to introduce evidence in its case in chief through the arresting officer, that nine months before allegedly committing the crime which was the subject of this trial, the appellant had been arrested for possession of thirty (30) rocks of crack cocaine at a club where he was employed. Defense counsel indicated to the court in a bench conference that the appellant had been convicted as a result of this incident; however, the jury was not told of the conviction.

In opposing the motion in limine the State argued the evidence would be introduced to show the defendant was knowledgeable about drugs and that the posses-

sion of crack cocaine was not accidental. In announcing his decision the trial court created a thorough record, and inviting appellate review, stated he based his ruling on *United States v. Record*, 873 F.2d 1363 (10th Cir.1989) and *Huddleston v. United States*, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988).

The reason for the trial court's reliance on *Huddleston* is not readily apparent for in *Huddleston* a unanimous court held when the State seeks to introduce evidence of "similar acts" under Federal Rule of Evidence 404(b) the district court need not make a preliminary finding that the Government has proved the "other act" by a preponderance of the evidence before it allows the evidence to be submitted to the jury. *Id.* After noting Rule 404(b) is an inclusionary rule, for Congress made a policy decision in favor of admission of other crimes evidence, the Court recognized the danger of unduly prejudicial evidence being introduced under Rule 404(b) and explained the protection from undue prejudice comes from four distinct sources within the Federal Rules of Evidence. Rule 404(b) requires the evidence to be offered for a proper purpose; Rule 402 requires the evidence to be relevant and this relevancy requirement is enforced through Rule 104(b); Rule 403 requires the trial court to weigh the probative value against the prejudicial effect to determine whether the probative value of similar acts evidence is substantially outweighed by its potential for unfair prejudice, and Rule 105 charges the trial court with the duty, upon request, to give the jury a limiting instruction on the use of the similar acts evidence. 485 U.S. at 690, 108 S.Ct. at 1502.

In *Record* the Tenth Circuit applied *Huddleston* and set forth its interpretation of the scope of Fed. Rule Evid. 404(b). The Court noted it originally interpreted Rule 404(b) to be inclusionary, then restricted its use, but now, under *Huddleston* returns to its view the rule is inclusionary and not limited. 873 F.2d at 1373. In *Record* the trial court allowed in evidence of a marijuana transaction occurring two years prior to the crime being charged on the ground it tended to prove "motive, opportunity, intent, preparation, plan, [or] knowledge." *Id.* at 1372. Applying the reasoning of *Huddleston* that the rule is inclusionary, and that the other safeguards were satisfied, the Tenth Circuit concluded this evidence was properly admitted. *Id.* at 1376.

The question before us is whether the trial court concluded correctly the evidence of a prior possession of crack cocaine was admissible under the Oklahoma Evidence Code. Analysis of the corresponding federal rule is instructive to a point, for the Oklahoma rule is taken from the federal, *see* Evidence Subcommittee's Note to 12 O.S.1981, § 2404. However, the Oklahoma Evidence Code and the Federal Rules of Evidence are sufficiently different to caution us against direct application of the federal precedent. For example, at least one commentator finds that while Federal Rule 404(b) is inclusive but the corresponding rule of the states (in Oklahoma 12 O.S.1981, § 2404(B)) is generally considered to be exclusionary, there is no real difference in the application of the federal and state rules. *See 2 Weinstein, J. and Berger, E. Weinstein's Evidence*, § 404 at 54, 61. As interesting as this debate might be, we decline to enter it, for we need not in order to decide the present case.

The *Huddleston* Court correctly points out the procedural safeguards which protect the defendant from the admission of unduly prejudicial evidence come from four distinct places within the rules of evidence. These safeguards are also present in Oklahoma law. The evidence must be offered for a proper purpose under Section 2404. Section 2402 requires that it must be relevant. The probative value of the evidence must outweigh its prejudicial value under Section 2403. And if it is requested, the trial court must give a limiting instruction on the proper use of the other crimes evidence. *See Waller v. State*, 720 P.2d 338 (Okl.Cr.1986); *Ross v. State*, 717 P.2d 117 (Okl.Cr.1986), *affirmed* 487 U.S. 81, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1986) *reh. denied* 487 U.S. 1250, 109 S.Ct. 11, 101 L.Ed.2d 962 (1987).

The proper purpose articulated in Section 2404(B) is also set forth in *Burks v. State,* 594 P.2d 771 (Okl.Cr.1979):

The general rule is that when one is put on trial, one is to be convicted—if at all—by evidence which shows one guilty of the offense charged; and proof that one is guilty of other offenses not connected with that for which one is on trial must be excluded. On the other hand, there are five generally accepted exceptions to this rule. Evidence of other offenses may be admissible where it tends to establish motive, intent, absence of mistake or accident, identity or a common scheme or plan which embraces the commission of two or more crimes so related to each other that proof of one tends to establish the other.

*Id.* at 772.

The State offered the evidence for the stated proper purpose of showing knowledge and intent. *See Burks, Id.* and Section 2404(B). When we examine the evidence for relevance, however, we find little. Where is the nexus between the arrest for possession of crack cocaine on September 22, 1988, when the appellant may have been an employee in a club, and the arrest on May 14, 1989, when a baggie containing crack cocaine was found in a vehicle he was driving? It is not the issue of elapsed time which weakens relevancy, for relevancy was found in *Record* notwithstanding a lapse of two years between incidents. 873 F.2d at 1375. Rather, there are no facts linking the two crimes beyond the fact that in each case the appellant was apprehended near a baggie containing crack cocaine. There is no evidence that the cocaine was obtained from the same source, no evidence establishes a similar *modus operandi,* no peculiar or unique facts create a signature. In short, the only relevancy of the September 1988 incident to the May 1989 incident is that since the appellant distributed crack cocaine in the past he knew how to do it and may have been doing it in May, 1989. The minimal relevancy raises the very real possibility that the evidence is not really offered for a proper purpose, but for the improper purpose under Section 2404(B) that the appellant's true character was re-vealed in September 1988, and he acted consistently therewith in May 1989.

Continuing the analysis of procedural safeguards, when we weigh the minimally relevant September 1988 incident against the significant danger of unfair prejudice we find it should have been excluded under Section 2403 of the Oklahoma Evidence Code. We must make absolutely clear that this result should not be misinterpreted to indicate a *per se* rule. If the other crime has greater relevancy to the present trial, the relevancy of the evidence may well outweigh the danger of unfair prejudice. However, such is not the case here.

Under the circumstances of this case we can reach no other conclusion except that the jury used this inadmissible evidence to determine guilt. The finding of guilt based on inadmissible evidence requires that we remand this case for retrial.

Having reversed and remanded Count I, we must also reverse and remand Count II, for it was the felony of Possession of a Controlled Dangerous Substance charged in Count I which supported the charge in count II of Possession of a Firearm While Committing a Felony.

LUMPKIN, V.P.J., PARKS, P.J., and BRETT, J., concur.

JOHNSON, J., concurs in result.