Donald Ray BUCHANAN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15230.

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1971.

Rehearing Denied April 30, 1971.

Andrew T. Dalton, Jr., Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., William M. Bonnell, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge:

Donald Ray Buchanan, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County for the crime of Robbery with Firearms, After Former Conviction of a Felony, his punishment was set at one hundred and fifty (150) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial revealed that on January 16, 1969, the Moody Jewelry Store in Tulsa, Oklahoma, was the site of an armed robbery. Millard Bringham and Joe Cooper, employees of the store, testified that two persons entered the store and inquired about rings. One of the persons identified as defendant Johnson, pulled a sawed-off shotgun from his clothing and said that this was a robbery. They identified the defendant Buchanan as the second person who had a pistol and participated in the offense. They, and other employees, were subsequently placed in a vault and certain merchandise was taken from the store.

Maurice Springer, an employee, and Robert Lynn, a customer, testified about being placed in the vault at gunpoint. Nelson and Parker arrived some time later, found the store empty and discovered the persons locked in the vault.

Officers Dick and Hunt obtained a search warrant for the defendants' apartment, rented under a fictitious name. They executed the warrant and found several articles of jewelry and boxes marked with the name "Moody's Jewelry."

Roy Beaird testified that prior to January 16th he gave a hacksaw and shotgun to the defendant Johnson. He also transported the defendant and Johnson to the airport and picked up and gave to the defendant a 32/20 revolver and a .32 caliber automatic. The 32/20 revolver had earlier been identified as the one utilized in the robbery. The defendant and Johnson, on the night of the robbery, came to his home wearing several rings on their fingers. The defendants gave Beaird jewelry, cigarette lighters and watches. The defendant returned again to his home and requested help in getting a car unstuck. Beaird transported the defendant to the site of the stuck car and the defendant got out of the car. A police unit arrived at the scene and questioned Beaird.

Officers Jarrett, Phillips, and Uhles testified about finding Johnson in the stuck automobile and observing several items of jewelry within the car. Officer Chisum was summoned to the scene and stopped the defendant on foot. He approached the defendant who pulled a gun from the pocket of his pants; they struggled, and the defendant fired the weapon. The officer successfully subdued the defendant after the defendant's gun jammed. He testified, over the objection of the defendant, that sometime later at the jail the defendant advised him, "if the gun hadn't jammed, you would be a dead cop."

The defense presented no evidence and both sides rested.

 The first proposition alleges error in giving an instruction on "good time credits" over the objection of defendant. It is a well established rule that the giving of this instruction is error, but if given in the second stage of a two-stage proceeding, not reversible error. Williams v. State, Okl.Cr., 461 P.2d 997.

 The defendant's second proposition asserts that the court erred in allowing into evidence the testimony of Officer Chi-

sum to the effect that the defendant discharged his pistol in the direction of the officer at the time of the arrest and the subsequent statement made by the defendant to the officer at the police station. The general rule is that when a defendant is put upon trial for one offense he is to be convicted, if at all, by evidence which shows he is guilty of that offense alone and the admission of evidence of other crimes, either prior or subsequent to the offense for which he is on trial is inadmissible. In Moulton v. State, Okl.Cr., 476 P.2d 366, we recently stated:

"However, evidence of separate offenses is admissible when it is material and proper to show (1) motive, (2) intent, (3) absence of mistake or accident, (4) identity of the person charged with a crime for which accused is put on trial, and (5) common scheme and plan embracing the two or more crimes so related to each other that proof of one tends to establish the other. See Epperson v. State, Okl.Cr., 406 P.2d 1017; Parks v. State, Okl.Cr., 457 P.2d 818 and Turnbow v. State, Okl.Cr., 451 P.2d 387."

In Shetsky v. State, Okl.Cr., 290 P.2d 149, where evidence was introduced to show a burglar defendant when confronted by the police, fired shots toward the officer, we stated:

"The flight and firing on the officers in a plainly marked car would have a bearing on his consciousness of guilt."

See also Broyles v. State, 83 Okl.Cr. 83, 173 P.2d 235 and Cox v. State, 25 Okl.Cr. 252, 220 P. 70.

█ We are of the opinion that the evidence of the discovery of the weapon on the defendant, which was identified as being one of the guns given to the defendant at the airport, coupled with evidence that the other gun he obtained at the airport was used in the robbery, was admissible as tending to connect the defendant as the person who committed the robbery.

In Bray v. State, Okl.Cr., 450 P.2d 512, the trial court allowed testimony of a Kansas police officer concerning the defendant taking his weapon in a robbery, and we stated:

"Therefore, since the officer's testimony identified the accused by linking him to the weapon used, it tended to prove an element in the state's case—the identity of Ledford's assailant—and therefore, it is the opinion of this Court that the trial judge ruled correctly under these circumstances in admitting the testimony, even though it was coincidentally evidence of another crime."

█ We are of the opinion that the trial court properly allowed the testimony of the officer as to the events leading up to and including the actual arrest as an exception to the general rule. The testimony of the police officer as to the defendant's statement at the station to the effect that "if the gun hadn't jammed, you would be a dead cop" should not have been admitted and could have had no effect except to prejudice the jury.

The next proposition alleges the trial court erred in denying an evidentiary hearing during the course of trial to determine the lawful issuance of a search warrant. The defendant requested the trial court to hold such a hearing during Officer Dick's testimony. The trial court overruled the Motion, stating the Motion was not timely made.

In Daniels v. State, Okl.Cr., 441 P.2d 494, we stated in the first two Syllabi:

"1. The burden of proving the invalidity of a search rests on defendant, and where the casemade does not contain the affidavit nor search warrant, the Court of Criminal Appeals will presume that the search warrant was legal.

2. The burden of proving the invalidity of the execution of a search warrant is on the person attacking its validity, and evidence of acts and circumstances showing the invalidity of the execution or service must be alleged and evidence presented in support thereof in order to enable this Court to review such question."

**1184**

In the instant case the record does not contain a copy of the search warrant, nor is there any evidence to support the contention that it was improperly issued. We are of the opinion that trial courts should grant evidentiary hearings when properly requested. There is nothing in the record to reflect that the defendant was prejudiced by the court's refusal to grant an evidentiary hearing since he made no offer of proof. We, therefore, find this proposition to be without merit.

The next proposition alleges that it was reversible error for the trial court to refuse his request for an evidentiary hearing on witnesses in court-identification of the defendant. The defendant requested evidentiary hearings as to the identification prior to the in-court identification of the witnesses Cooper and Bringham. These requests were denied by the trial court. The rule is well established that a trial court must permit such hearings to ascertain extrajudicial identification. Wade v. United States, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149.

In the case of Thompson v. State, Okl. Cr., 438 P.2d 287, we stated:

"In all cases triable after June 12, 1967, we are bound by the rule enunciated in Wade v. United States, supra, and *recommend* to the trial courts that when the issue of extrajudicial identification, such as a lineup or parade without the assistance of counsel or an effective waiver of the right to counsel, is raised, then the trial court *should* conduct a hearing outside the presence of the jury to determine if the witness can, independent of the lineup identification, identify the defendant, taking into consideration the guides set forth in Wong Sun v. United States, [371 U.S. 471, 83 S.Ct. 407, 9 L. Ed.2d 441] supra." [Emphasis added]

In the instant case, witness Bringham testified on cross-examination that the in-court identification was not based upon observations made at any time except the time of the robbery. (T 241). Witness Cooper testified that he had seen the defendant only at the robbery and at the preliminary hearing. There is nothing in the record to indicate that there was a lineup or photographic identification made of the defendant.

We are of the opinion that denying the defendant's request for an evidentiary hearing was error. We further hold that in the absence of any evidence of extrajudicial identification that this is harmless error.[1]

The defendant's next two propositions allege the trial court erred in overruling objections to evidence and improper comments by the District Attorney. In view of the ultimate conclusion of this Court, we do not feel that these propositions contain sufficient merit to be discussed in this opinion.

The seventh proposition contends that the Court erred in allowing Texas records of former convictions into evidence for the reason that they were improperly certified. The objection to the exhibits was that the court clerk's signature on the three-way certificate was stamped, rather than signed.

The defendant admits in his brief that the State did prove two prior Oklahoma convictions. The introduction of the Texas convictions was in the second stage of a two-stage proceeding after the defendant had been found guilty. We, thus, cannot hold this to be reversible error.

The defendant's final proposition alleges the punishment to be excessive based upon passion and prejudice. We are of the opinion that this proposition is well taken. The evidence is overwhelming as to the guilt of the defendant. We can arrive at no other conclusion but that if the case were retried the jury could only arrive at a verdict finding the defendant guilty. Accordingly, taking into consideration the err-

1. If such evidence does in fact exist, the defendant should file an application for post conviction relief with the trial court.

ors previously discussed, the judgment and sentence is hereby modified to an indeterminate sentence of not less than twenty-five (25), nor more than seventy-five (75) years imprisonment in the state penitentiary, and as so modified, the judgment and sentence is affirmed.

Modified and affirmed.

BRETT, P. J., and NIX, J., concur.