**Gene Kevin STARR, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–77–696.**

Court of Criminal Appeals of Oklahoma.

Nov. 15, 1979.

Frank Muret, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., Brad Heckenkemper, Legal Intern, for appellee.

## OPINION

CORNISH, Presiding Judge:

Gene Kevin Starr, has appealed his conviction of Uttering a Forged Instrument, After Former Conviction of a Felony, in the District Court of Oklahoma County, Case No. CRF–77–326. His punishment was fixed at thirty-three (33) years in the State penitentiary.

At trial, the State proved that an unknown person broke into the Sunshine Laundry and Swan Towel and Linen Service and stole some checks. It was then shown that the appellant cashed two of the stolen checks at different grocery stores. An Oklahoma City police detective testified that during interrogation the appellant admitted cashing the two checks, introduced into evidence as State's Exhibit No. 1 and 2.

■ The appellant raises seven assignments of error. The first is that the trial court erred in admitting evidence of other crimes: The appellant was only charged with forging one of the stolen checks, but evidence of two stolen checks was presented. The trial court allowed introduction of the other check under the common scheme exception to the general rule barring evidence of other crimes.

Concerning the common scheme exception, we said in *Atnip v. State*, Olk.Cr., 564 P.2d 660 (1977):

". . . A common scheme or plan contemplates some relationship or connection between the crimes in question. *North v. State*, Okl.Cr., 518 P.2d 896 (1974). The word, 'common' implies that although there may be various crimes, all said crimes must come under one plan or scheme *whereby the facts of one crime tend to establish the other* such as where the commission of one crime depends upon or facilitates the commission of the other crime, or where each crime is merely a part of a greater overall plan. In such event, the crimes become connected or related transactions, and proof of one becomes relevant in proving the other. However, evidence of other offenses should never be admitted under this exception when it shows that the accused committed crimes wholly independent of that charged. *English v. State*, Okl.Cr., 480 P.2d 279 (1971)." (Emphasis added)

Under this rule, it is plain that the evidence concerning the second check should not have been admitted.

Clearly, the evidence of the burglary of the laundry—which is not challenged on appeal—does fit the common scheme exception. It is apparent that the break-in was part of an overall plan to obtain money: A plan involving both the theft of the checks and the cashing of them. However, the evidence of the other check does not fit within the exception. Proof that the appellant had cashed one check does not tend to prove that he cashed another. In the language of *Atnip v. State*, supra, the cashing of one check does not depend upon or facilitate the cashing of the other. The probative value of the second check is minimal, and the danger of prejudice in a situation such as this is great.

Nevertheless, the State's case against the appellant was solid. We have no doubt that if there was a second trial with the improper evidence omitted a verdict of guilty would again be returned. We, therefore, will not reverse the conviction. See *Schneble v. Florida*, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972). However, because the irrelevant evidence may have contributed to the length of the sentence, the error is grounds for modification.

■ Secondly, the appellant complains that the trial court erred in failing to give a requested instruction on intoxication as a defense. Title 21 O.S.1971, § 153, provides that voluntary intoxication is not a defense to a criminal act. However, 21 O.S.1971, § 1592, under which the appellant was convicted, requires the specific intent to defraud. The appellant argues that a suitable instruction should have been given because there was evidence that he was intoxicated and, thereby, unable to form the required intent. The only evidence in this regard, however, was the cashier's statement that at the time he cashed the check the appellant smelled of alcohol and had bloodshot eyes. This is insufficient evidence of intoxication to justify an instruction regarding intoxication and its affect on the ability to form intent. See *West v. State*, Okl.Cr., 581 P.2d 1318 (1978). The jury was instructed that the element of intent must be proved beyond a reasonable doubt, and that was sufficient under the facts of the case.

■ During closing argument, the defense attorney stressed the evidence of intoxication and argued that there was doubt about the appellant's intent. Thereafter, the prosecutor stated in the second half of his closing argument that the jury could consider the intoxication "in the punishment stage" of the proceedings. In the appellant's third assignment of error, he claims that the prosecutor's comment was a violation of 22 O.S.1971, § 860. That section provides that when a person is being

tried for a second or subsequent offense, no mention shall be made of any prior offenses during the first stage of the trial. The prosecutor's comment cannot be read as making any mention of a prior offense. The statute neither permits nor prohibits telling the jury that there will be a further proceeding in which they will assess punishment. We do not believe that the appellant was injured by the comment made.

■ The fourth assignment of error is that the trial court denied the appellant's request for an in camera hearing before an in court identification was made. In *Buchanan v. State*, Okl.Cr., 483 P.2d 1180 (1971), we said that under *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), the trial courts must permit in camera hearings when they are requested to ascertain extrajudicial identification. Such a hearing is required only when there is some reason to believe that the identification may be tainted, as when the right to counsel was violated, or the pretrial identification procedures were unduly suggestive. We further held in *Buchanan* that in the absence of any evidence of extrajudicial identification, the denial of a defendant's request for an evidentiary hearing is harmless error. In this case, no reason for the in camera hearing was given, and defense counsel failed to raise the subject of how the witness identified the appellant other than at trial. We therefore find this argument to be without foundation.

■ Next, the appellant alleges that he is entitled to a reversal because there was an unauthorized communication with the jury after they had retired to deliberate. The incident cited as error occurred after the jury had retired to consider a verdict in the section portion of the trial. Following deliberations, the jury called the bailiff and inquired what to do after informing her they had first signed the wrong verdict form and then signed the correct one.

After conferring with the trial judge, the bailiff told the jury foreman to mark the forms void and said new verdict forms would be issued. The judge then conducted a formal proceeding in the presence of both attorneys, in which the bailiff and the judge explained on the record what had transpired. Although it would have been proper under 22 O.S.1971, § 894, to call the jury back into the courtroom, the trial judge took steps to insure that the appellant was in no way prejudiced by the incident. We find no error requiring reversal.

Sixth, the appellant complains of the prosecutor's closing argument in the second stage of the trial, because he made repeated references to the State's pardon and parole procedures. The State argues that the comments were invited error. In presenting his case during the second stage, the appellant called a character witness who mentioned that he had helped the appellant get paroled.

■ It is true that an appellant cannot complain of error which he invited by first raising the subject. *Luker v. State*, Okl.Cr., 504 P.2d 1238 (1972). However, when the situation has required it, we have nevertheless considered the merits of issues, even though they were first broached by the defendant. See, for instance, *Goodrich v. State*, Okl.Cr., 553 P.2d 219 (1976). A witness' passing comment does not give the District Attorney an unrestricted license to say anything at all. In the present case, the first half of the prosecutor's closing argument is five paragraphs long. In three of those paragraphs he referred to the appellant's parole, and in one other paragraph he talked about the evidence of the other check, which we have already held was improperly admitted. While the guilt of the appellant had already been determined, we think it is probable that the prosecutor's comments led the jury to assess a greater punishment than they might otherwise have done. For that reason we will modify the sentence.

The final assignment of error is a cumulative-error argument. We have found no error necessitating reversal, and, therefore, the appellant's conviction is *AFFIRMED*; but, because of the errors discussed above, the sentence is *MODIFIED* from thirty-three (33) years' imprisonment to twenty (20) years' imprisonment.

BRETT, J., concurs in results.

BUSSEY, concurs in part and dissents in part.

BUSSEY, Judge, concurring in part and dissenting in part.

I would affirm the Judgment and Sentence without modification. I believe that the evidence of the second check was admissible as an exception to the general rule. Compare with *Vanderpool v. State*, Okl.Cr., 501 P.2d 871 (1971) and *Lott v. State*, Okl. Cr., 491 P.2d 337 (1971).