2009 OK CR 17

**Rodney Renee HUNTER, Appellant**

v.

**STATE of Oklahoma, Appellee.**

No. F–2008–700.

Court of Criminal Appeals of Oklahoma.

May 1, 2009.

Cade Harris, Elk City, OK, attorney for defendant at trial.

Eric Yarborough, Assistant District Attorney, Hollis, OK, attorney for State at trial.

Bill J. Baze, Appellate Defense Counsel, Norman, OK, attorney for petitioner on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Christy A. Baker, Assistant Attorney General, Oklahoma City, OK, attorneys for respondent on appeal.

## SUMMARY OPINION

CHAPEL, Judge.

¶ 1 Rodney Renee Hunter was tried by jury and convicted of Distribution of Controlled Substance in violation of 63 O.S.2001, § 2-401, after former conviction of two felonies, in the District Court of Greer County, Case No. CF-2006-68. In accordance with the jury's recommendation the Honorable David A. Barnett sentenced Hunter to twenty (20) years imprisonment. Hunter appeals this conviction and sentence.

¶ 2 Hunter raises three propositions of error in support of his appeal:

1. Hunter was denied a fair trial by the introduction of irrelevant and prejudicial evidence of other crimes;

2. Numerous second-stage errors deprived Hunter of a fair sentencing determination; and

3. Hunter received an excessive sentence.

¶ 3 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, exhibits and briefs, we find that Hunter's sentence must be modified. No other relief is required.

¶ 4 Hunter claims in Proposition I that the trial court erred in admitting evidence of other crimes. Over Hunter's vigorous objection the State was allowed to present as other crimes evidence a methamphetamine transaction which occurred three months after the charged crime. The State presented this evidence through the informant, Michael Williams, along with a stipulation that the drug given to Williams was methamphetamine. Jurors were told that Hunter had been charged with distribution of methamphetamine, convicted and sentenced, and that the methamphetamine transaction with Williams was subsequent to the charged Xanax transaction with Christopher Rush. Hunter argues this evidence was improperly presented to show jurors that he was a drug dealer. The record supports this argument.

¶ 5 A fundamental legal principle is that a person should only be convicted by evidence of the crime with which he is charged.[1] The State presented uncontroverted direct and circumstantial evidence of the charged crime. Given the strength of the evidence of the charged crime, no other crimes evidence was necessary to support the State's burden of proof, and the record does not support the State's claim that the evidence of the subsequent methamphetamine transaction and conviction was necessary to support the State's burden of proof.[2] Jurors were instructed to consider the methamphetamine evidence on the issue of motive, opportunity, intent and preparation. Despite the State's arguments otherwise, neither motive nor opportunity were issues in this case.[3]

1. See, e.g., Welch v. State, 2000 OK CR 8, 2 P.3d 356, 365; Bryan v. State, 1997 OK CR 15, ¶ 33, 935 P.2d 338, 356; Burks v. State, 1979 OK CR 10, 594 P.2d 771, 772, overruled in part on other grounds Jones v. State, 1989 OK CR 7, 772 P.2d 922; Roulston v. State, 1957 OK CR 20, 307 P.2d 861, 867.

2. Stouffer v. State, 2006 OK CR 46, 147 P.3d 245, 263 (other crimes evidence must be necessary to support the State's burden of proof on the charged crime).

3. The State never has to prove motive, and Rush's testimony that he had not bought drugs before did not put motive at issue. Whether

Hunter subsequently distributed drugs to a second person has no relevance to whether, as Rush testified, he gave Rush four Xanax pills in front of a state trooper. Hunter never denied he had the opportunity to commit the crime; he merely suggested through questioning and argument that the State's witnesses did not accurately say what Hunter did while at the scene of the crime. The only point of true similarity between the two crimes was that Hunter drove, and handed drugs from, the same SUV. As Hunter did not contest his opportunity to commit the crime, whether it was committed in the same vehicle as the subsequent crime is not relevant.

¶ 6 The evidence could not have been properly admitted to show intent. Distribution of drugs is a general intent crime.[4] No specific intent is required, beyond the general intent to distribute what the defendant believed to be a controlled substance.[5] For that reason, this Court has held that evidence of other drug transactions is not admissible as other crimes evidence to prove intent to commit drug distribution.[6] The State argues on appeal that the evidence of a subsequent drug transaction, involving a different drug and buyer, was necessary to show that Hunter had the general criminal intent to distribute controlled substances. This propensity to commit a charged crime, based on evidence of other similar crimes, is precisely what the State cannot show through other crimes evidence.[7]

¶ 7 The minimum possible sentence in this case, with Hunter's two prior convictions, was six years. It is common knowledge that methamphetamine is a destructive drug which causes social problems as well as damage to its users. The State of Oklahoma has not only devoted a great deal of publicity to laws designed to reduce methamphetamine manufacture, it has conducted a widespread media public service campaign to make citizens aware of the evils of this drug. By contrast, Xanax is a drug which may be possessed legally by prescription, and which has some legitimate medical uses. Distribution of four Xanax pills is very different from distribution of two plastic baggies containing $100 worth of methamphetamine. Hunter's prior convictions were for unlawful possession and pointing a firearm, not for distribution. Under the facts and circumstances of this case, and in combination with the errors in Proposition II, Hunter's sentence is modified from twenty to six (6) years.

¶ 8 Hunter claims in Proposition II that jurors were improperly told about his prior suspended sentences, and that the prosecutor engaged in improper and prejudicial argument. He objected to neither the evidence nor the argument and we review for plain error. The record supports both claims.

¶ 9 In the second stage, by agreement of the parties, the prosecutor read to jurors the full supplemental second page and Hunter stipulated to the two prior convictions. The Information included the fact that at least a portion of Hunter's sentence in each of his prior convictions had been suspended. Jurors should not hear about, and thus be encouraged to speculate on, probation and parole policies.[8] The State's argument that no error occurred is not supported by its cited cases. This Court has held that introduction of Judgment and Sentence documents, showing a second conviction before the sentence for the first was completed, is not error. However, in those cases the documents did not refer to probation, parole or suspended sentences themselves; the issue was whether the inference jurors could draw from them ran afoul of the prohibition against mentioning probation or parole. The Court recognized as a starting point that parole and probation should not be mentioned, and decided whether under those circumstances that rule applied. Those circumstances are not present here. The reading of the Information, explicitly telling jurors that Hunter had previously received suspended sentences, was error.

¶ 10 The prosecutor argued to jurors that Hunter deserved a long sentence because he had several chances to change his behavior but chose instead to be a drug dealer. In doing so the prosecutor called the jury's attention to the wholly suspended sentence for one of Hunter's prior convictions, and that he only served sixty days for the other. We have long held that parties should not refer to probation and parole policies in order to influence a sentence.[9] Taken in

4. *Hill v. State*, 1979 OK CR 2, 589 P.2d 1073, 1076.

5. *Id.*

6. *Id.*

7. *Hill*, 589 P.2d at 1076; *Blakely v. State*, 1992 OK CR 70, 841 P.2d 1156, 1159.

8. *Bell v. State*, 1962 OK CR 160, 381 P.2d 167, 173.

9. *Martin v. State*, 1983 OK CR 168, 674 P.2d 37, 41–42; *Starr v. State*, 1979 OK CR 126, 602 P.2d 1046, 1049; *Satterlee v. State*, 1976 OK CR 88, 549 P.2d 104, 111; *Bell*, 381 P.2d at 173.

context, the entire argument shows the prosecutor urged jurors to sentence Hunter on the basis of improper as well as legitimate concerns.

¶ 11 Hunter suffered prejudiced to a substantial right.[10] Reviewing this error in combination with the error in Proposition I, Hunter's sentence is modified to six years.

### Decision

¶ 12 The Judgment of the District Court is **AFFIRMED.** The Sentence of the District Court is **MODIFIED** to six (6) years imprisonment. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2009), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

C. JOHNSON, P.J. and A. JOHNSON, V.P.J.: concur.

LUMPKIN, J. and LEWIS, J.: concur in results.

---

**10.** Given this conclusion we need not reach Hunter's claims of ineffective assistance of counsel.