TERRELL v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:TERRELL v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 TERRELL v. STATE
2018 OK CR 22
Case Number: F-2017-294
Decided: 06/28/2018
DARREN THOMAS TERRELL, Appellant v. THE STATE OF OKLAHOMA, Appellee.
Cite as: 2018 OK CR 22, __ __

 


 

OPINION


LUMPKIN, PRESIDING JUDGE:
¶1 Appellant, Darren Thomas Terrell, was tried by jury and convicted of Unlawful Distribution of a Controlled Dangerous Substance Within 2,000 Feet of a Park or School (Methamphetamine) (Count 1) (63 O.S.Supp.2012, § 2-401(F)) and Conspiracy to Deliver a Controlled Dangerous Substance (Methamphetamine) (Count 2) (63 O.S.2011, § 2-408) After Former Conviction of Two or More Felonies in the District Court of Beckham County, Case Number CF-2016-30. The jury recommended as punishment imprisonment for eighteen (18) years in each count. The trial court sentenced accordingly, granted Appellant credit for time served, ordered the sentences to run concurrently, and imposed a period of post-imprisonment supervision. It is from these judgments and sentences that Appellant appeals.
FACTS
¶2 Appellant conspired with Brian Maher to deliver Methamphetamine to a confidential informant working for the District 2 Drug Task Force. On October 13, 2015, Appellant delivered Methamphetamine to the confidential informant during a controlled-buy wherein the informant wore an audio/video recording device.
DISCUSSION
¶3 In his sole proposition of error, Appellant contends that the jury was improperly exposed to evidence and argument telling the jurors that Appellant had previously received suspended sentences. He concedes that he waived appellate review of his claim for all but plain error when he failed to challenge the evidence and argument below. Therefore, we review Appellant's claim pursuant to the test set forth in Simpson v. State, 1994 OK CR 40, 876 P.2d 690. See Harney v. State, 2011 OK CR 10, ¶ 23, 256 P.3d 1002, 1007. Under this test, an appellant must show an actual error, which is plain or obvious, and which affects his substantial rights. Baird v. State, 2017 OK CR 16, ¶ 25, 400 P.3d 875, 883. This Court will only correct plain error if the error seriously affects the fairness, integrity or public reputation of the judicial proceedings or otherwise represents a miscarriage of justice. Id.
¶4 The record shows that during the second stage of the trial, the prosecutor introduced an exhibit detailing Appellant's six prior felony convictions. This exhibit showed that several of Appellant's prior sentences had been suspended in whole or in part, and in some instances, revoked for violations of the terms of suspension. Then in closing argument the prosecutor referenced Appellant's prior convictions and sentences, specifically mentioned the suspended sentences, and argued "He's been given chance after chance after chance."
¶5 Appellant claims that the references to suspended sentences in the exhibit and the prosecutor's argument violated the holding in Hunter v. State, 2009 OK CR 17, 208 P.3d 931. Prior to Hunter, this Court had recognized that jurors were not to speculate on pardon or parole, thus, the parties were prohibited from making an unmistakable comment on pardon or parole. See Martin v. State, 1983 OK CR 168, ¶ 22, 674 P.2d 37, 41--42; Starr v. State, 1979 OK CR 126, ¶¶ 12-13, 602 P.2d 1046, 1049; Satterlee v. State, 1976 OK CR 88, ¶ 26, 549 P.2d 104, 111; Bell v. State, 1962 OK CR 160, ¶ 18, 381 P.2d 167, 173. Without discussion or analysis, Hunter expanded this rule to prohibit both the introduction of judgment and sentence documents reflecting receipt of a suspended sentence and explicit references to probation in opening or closing argument. Hunter, 2009 OK CR 17, ¶ 10, 208 P.3d at 933-34. However, the introduction of the judgment and sentence is a proper part of the proof of a former felony conviction. Camp v. State, 1983 OK CR 74, ¶¶ 2--3, 664 P.2d 1052, 1053--54. Thus, we were forced in Stewart v. State, 2016 OK CR 9, ¶ 17, 372 P.3d 508, 512, to draw a distinction between unmistakable comments upon probation or parole and the instance where the judgment and sentence documents simply reflect receipt of a deferred or suspended sentence.
¶6 Today, we recognize that the rule announced in Hunter is simply unworkable. Jurors are free to consider the relevant proof of a prior conviction including any evidence that a defendant previously received probation, suspension, or deferral of a sentence and any acceleration or revocation of such a sentence. See Honeycutt v. State, 1967 OK CR 154, ¶¶ 18--20, 432 P.2d 124, 128 (finding proof of suspension of sentence by trial court proper proof of former felony conviction). The receipt of a probationary term may be viewed as supporting both greater and lesser punishment depending on the facts of the case. The jury as a whole can make this determination.
¶7 Similarly, counsel should be permitted to discuss the relevant proof of prior conviction in closing argument. This Court has long recognized that both parties are afforded wide latitude to discuss the evidence, including reasonable inferences therefrom, and make recommendation as to punishment in the second stage of a trial. See Hooks v. State, 2001 OK CR 1, ¶ 40, 19 P.3d 294, 314 (recognizing parties' wide latitude to discuss evidence and reasonable inferences from evidence in second stage closing argument); Jones v. State, 1988 OK CR 267, ¶ 9, 764 P.2d 914, 917 (prosecutor's recommendation of life imprisonment found proper where no unmistakable reference to possibility of parole); Van White v. State, 1999 OK CR 10, ¶ 69, 990 P.2d 253, 272 ("[P]rosecution may recommend the punishment to be given."); Mahorney v. State, 1983 OK CR 71, ¶ 17, 664 P.2d 1042, 1047 ("On numerous occasions this Court has upheld cases where the prosecutor has recommended sentences to the jury."). Since the jury is free to consider the relevant proof of a prior conviction, both parties are afforded wide latitude to discuss this evidence and make recommendation as to punishment in the second stage of a trial. As Hunter is inconsistent with both of these lines of cases, it must be and is overruled.
¶8 However, the balance against a prosecutor's misuse of this type of evidence is already found within our existing case law. All evidence may be excluded if its relevance is substantially outweighed by the dangers outlined in 12 O.S.2011, § 2403. Goode v. State, 2010 OK CR 10, ¶ 57, 236 P.3d 671, 682. Prosecutors do not have free rein to comment on the prior receipt of the suspension of a sentence. This Court has found that blatant appeals to sympathy, sentiment, or prejudice are improper. Ashton v. State, 2017 OK CR 15, ¶ 51, 400 P.3d 887, 900. Similarly, prosecutorial argument invoking societal alarm is improper, i.e., calling for the jury to make an example out of the defendant to deter other potential criminals. McElmurry v. State, 2002 OK CR 40, ¶ 151, 60 P.3d 4, 34. This Court will monitor closing arguments in cases brought before it and will not hesitate to properly address error where a prosecutor offends these standards.
¶9 Applying this analysis to the present case, we find that the evidence and argument was proper. Giving the documents within the exhibit their maximum probative value and minimum prejudicial effect, we find that the probative value of the documents was not substantially outweighed by the danger of unfair prejudice. Mayes v. State, 1994 OK CR 44, ¶ 77, 887 P.2d 1288, 1310. The prosecutor's "chance after chance" argument properly commented on the evidence and did not invoke societal alarm, sympathy, sentiment or prejudice. As such, we find that error, plain or otherwise, did not occur. This Proposition is denied.
DECISION
¶10 The Judgment and Sentence of the District Court is hereby AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2018), the MANDATE is ORDERED issued upon the delivery and filing of this decision.
AN APPEAL FROM THE DISTRICT COURT OF BECKHAM COUNTY
THE HONORABLE F. DOUGLAS HAUGHT, ASSOCIATE DISTRICT JUDGE
 
 
 APPEARANCES AT TRIAL 
 APPEARANCES ON APPEAL 
 
 
 
 
 RYAN DON RECKER 
 ROBERT W. JACKSON 
 
 RECKER & RECKER P.C. 
 APPELLATE DEFENSE COUNSEL 
 
 P.O. BOX 888 
 P.O. BOX 926 
 
 WEATHERFORD, OK 73096 
 NORMAN, OK 73070 
 
 COUNSEL FOR DEFENDANT 
 COUNSEL FOR APPELLANT 
 
 
 
 
 MICHAEL A. ABEL 
 MIKE HUNTER 
 
 LYNN LAWRENCE 
 ATTORNEY GENERAL OF OKLA. 
 
 ASSISTANT DISTRICT ATTORNEYS 
 TESSA. L. HENRY 
 
 P.O. BOX 507 
 ASSISTANT ATTORNEY GENERAL 
 
 SAYRE, OK 73662 
 313 N.E. 21ST ST. 
 
 COUNSEL FOF THE STATE 
 OKLAHOMA CITY, OK 73105 
 
 
 COUNSEL FOR THE STATE 
 
OPINION BY: LUMPKIN, P.J.

LEWIS, V.P.J.: Dissent
HUDSON, J.: Specially Concurs
KUEHN, J.: Concurring in Result
ROWLAND, J.: Concurs
 
 


LEWIS, VICE PRESIDING JUDGE, DISSENTING:
¶1 Today's majority discards as "unworkable" a case-law rule that imposed modest limitations on the prosecution's ability to use prior suspended sentences as aggravating evidence in jury sentencing proceedings. As the opinion shows, the rule has proved "unworkable" for the Court just to the extent that prosecutors have frequently ignored it and the Court has no future intention to enforce it.
¶2 The majority yet insists that it has not given free rein to prosecutors, limiting such evidence to the general rules of relevance, and prohibiting "blatant appeals to sympathy, sentiment, or prejudice," "invoking societal alarm," and "calling for the jury to make an example out of the defendant" in sentencing stage arguments.
¶3 Hunter and subsequent cases had already struck a practical, relevance-based balance, allowing evidence of suspended sentences to be admitted in judgment and sentence documents, so long as the prosecutor "did not mention the suspended sentences . . . or otherwise draw the jury's attention to them" in argument. See, e.g., Mitchell v. State, 2016 OK CR 21, ¶ 30, 387 P.3d 934, 945 (finding error, but neither plain error nor prejudice, from evidence indicating a suspended sentence).
¶4 The Court in Hunter seemed to recognize, at least implicitly, that the typical "chance after chance" arguments, using suspended sentences as aggravating evidence, suggest a false narrative that the defendant has abused some great kindness in the past and thus deserves a much longer sentence. Recidivist defendants are certainly blameworthy for their commission of new crimes, but prior suspended sentences are often a by-product of the complex realities of sentencing. Leniency is often incidental in the mutually convenient terms of a plea bargain.
¶5 Such arguments therefore often do violate basic principles of relevance and fairness. They do play upon everyday prejudices of lay jurors about plea-bargaining and probation. They do urge jurors to deal more harshly with the defendant because of prior suspended sentences, regardless of the complex realities behind them. The Court today approves such arguments; and under this more "workable" rule, we shall see more of them in the future. I respectfully dissent.
 
 


HUDSON, J., SPECIALLY CONCURS
¶1 I applaud Judge Lumpkin's clear and concise recitation of the history behind today's decision and his analysis of the unworkable rule that evolved from Hunter v. State, 2009 OK CR 17, 208 P.3d 931. This case confirms my view that juries get it right more often than not. Far from being inflamed by the truthful information presented on the face of the judgment and sentence documents admitted to prove Appellant's six (6) prior felony convictions and the prosecutor's comment on same, the jury struck a balanced approach in recommending sentences based on the facts of the charged offenses in this case and Appellant's previous history.
 
 


KUEHN, JUDGE, CONCURING IN RESULT:
¶1 I agree with the Court that the Hunter case is unworkable, but disagree with the logic behind that conclusion and the proposed outcome after allowing the inclusion of probation language on a Judgment and Sentence for the jury to consider.
¶2 Currently, it is error to admit a Judgment and Sentence, or any other document, which informs jurors that the defendant previously received suspended/deferred sentences. Hunter v. State, 2009 OK CR 17, ¶ 9, 208 P.3d 931, 933; see also Stewart v. State, 2016 OK CR 9, ¶ 17, 372 P.3d 508, 512 (admission of document showing previous suspended sentence is not, in itself, plain error). Whether that error rises to the level of plain error, or if the error was preserved below, whether it requires relief, depends on various factors. Certainly, as in Hunter, relief is required where the prosecutor explicitly calls the jury's attention to the suspended sentence, or otherwise explicitly and unmistakably refers to probation, suspended or deferred sentences. Stewart, 2016 OK CR 9, ¶ 18, 372 P.3d at 512; Hunter, 2009 OK CR 17, ¶ 10, 208 P.3d at 933-34. However, on appeal, the Court has consistently had to weigh prosecutors' statements contemplating the "totality of the circumstances" test from Hunter. In doing so, the line a prosecutor must cross for the error to be harmful has become undefinable and non-existent. This is why Hunter is unworkable.
¶3 I am disturbed by the frequency of cases before this Court in which Judgment and Sentence documents are improperly redacted or not redacted at all. The current law is clear. Attorneys have an obligation to review all documents submitted to prove an allegation of prior convictions, before their admission -- whether or not the documents are contested or admitted by stipulation. The law regarding mention of suspended/deferred sentences and probation is long standing and unambiguous: it is error. It should be routine for the attorneys and the judge in any case to ensure that the law is followed.
¶4 As I say, this is the current law. The prohibition against mentioning probation, parole, etc., was intended to prevent jurors from allowing information about the actual sentence served on previous convictions to improperly influence their consideration of the sentence they should impose. The length of time a defendant actually served for previous convictions has no probative value in a current case. Martin v. State, 1983 OK CR 168, ¶ 22, 674 P.2d 37, 41--42. For this reason, it is not error to introduce a Judgment and Sentence which merely states the term of years a defendant received on a prior conviction, where there is no reference to probation or parole. Stewart v. State, 2016 OK CR 9, ¶ 17, 372 P.3d 508, 512. This is the case even if jurors could infer, from the dates and imprisonment imposed, that a defendant did not serve his full sentence for the prior offense. Mathis v. State, 2012 OK CR 1, ¶ 31, 271 P.3d 67, 78. Since Hunter, this Court has, in practice, refused to grant relief where a Judgment and Sentence contains improper reference to probation, parole, etc., unless the prosecutor unmistakably draws the jury's attention to the improper information. Stewart, 2016 OK CR 9, ¶¶ 17-18, 372 P.3d at 512.
¶5 Given the apparent difficulty parties have in following the rule at issue here, I believe the purposes behind it may be better served by a modification of this doctrine. The evil we seek to avoid is jurors' use of irrelevant information in sentencing determinations. Following Stewart, I would find it is not error to admit, for purposes of proving an allegation of prior convictions, Judgment and Sentence documents, which may refer to suspended or deferred sentences. In order to ensure jurors do not use this information improperly, they must be properly instructed. Jurors already receive instruction on the use of prior convictions to determine punishment. I propose we add to that instruction the following language:
If you find the defendant has [a] prior conviction[s], you must not consider the type of sentence imposed in [that] [those] case[s] in determining the punishment in the present case. You must not let your decision on punishment be influenced by the type of sentence (i.e., deferred or suspended sentence) the defendant previously received or the term of years previously imposed.
In proposing this change, I emphasize that our current prohibition against prosecutors using that information to argue a defendant deserves a longer sentence in his or her current case, must remain in effect. Prosecutors must not call jurors' attention to this information or encourage them to use it against the defendant, as that will be error. Stewart, 2016 OK CR 9, ¶ 18, 372 P.3d at 512.
¶6 I understand the Court's reasoning behind a jury considering the terms, along with the parties commenting on the evidence in examinations and closing arguments. The reasoning is sound, but the result will be chaos. I am not arguing that probation should or should not be admitted as evidence in a trial. But, until thoughtful consideration has been given to all aspects of what procedure must be changed, the discussion of such terms is inappropriate.
¶7 Now, as written, with the process of allowing comment on the probation terms, the Court goes back to the same balancing test that was the problem in Hunter.[1] Not only will the balancing be more difficult, but the scope of what can be tolerated in the courtroom is vague and broad as outlined by the Court. What does "wide latitude to discuss this evidence" mean?[2] What does "properly address" error when a prosecutor "offends" mean? I cannot imagine what trials will entail with this open invitation to argue. This Court on appeal could be reviewing a prosecutor describing free chances, details of what a deferred or suspended sentence mean, and how the defendant got a good deal. And what of the defense? In order to rebut the "wide latitude" of the State, the defense will want to present evidence of why the plea was a probationary term, what the defendant had to complete in order to finish probation, how the defendant completed the probation, etc. The second stage will become an aggravation and mitigation spectacle leaving the unguided trial judge with no choice but to sit back and watch the show. The Court is stirring up a hornet's nest without more guidance to the parties and the trial courts.
¶8 In this case, using my proposed analysis, admission of the documents was not error. The prosecutor should not have commented on them and clearly went too far under Stewart and Hunter. However, Appellant had six felony convictions, and his sentences were relatively lenient. Under these circumstances the error in argument neither resulted in a miscarriage of justice nor constituted a substantial violation of a constitutional or statutory right. 20 O.S.2011, § 3001.1. For this reason, I concur in result.

FOOTNOTES

[1] "History does not repeat itself but it rhymes." Attributed to Mark Twain.

[2] Merriam-Websters Dictionary defines "wide latitude" as, "freedom of action or choice." Freedom to explore legal probationary terms and what facts are behind them is a dangerous freedom to grant either party without guidance. As noted by Thomas Jefferson in a letter to James Madison on January 30, 1787, "The mass of mankind under [freedom] enjoys a precious degree of liberty and happiness. It has its evils too: the principal of which is the turbulence to which it is subject."
 





 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1988 OK CR 267, 764 P.2d 914, JONES v. STATE
Discussed
 1994 OK CR 40, 876 P.2d 690, SIMPSON v. STATE
Discussed
 1994 OK CR 44, 887 P.2d 1288, MAYES v. STATE
Discussed
 2001 OK CR 1, 19 P.3d 294, 72 OBJ 371, HOOKS v. STATE
Discussed
 2002 OK CR 40, 60 P.3d 4, McELMURRY v. STATE
Discussed
 2009 OK CR 17, 208 P.3d 931, HUNTER v. STATE
Discussed at Length
 2010 OK CR 10, 236 P.3d 671, GOODE v. STATE
Discussed
 2011 OK CR 10, 256 P.3d 1002, HARNEY v. STATE
Discussed
 2012 OK CR 1, 271 P.3d 67, MATHIS v. STATE
Discussed
 2016 OK CR 9, 372 P.3d 508, STEWART v. STATE
Discussed at Length
 2016 OK CR 21, 387 P.3d 934, MITCHELL v. STATE
Discussed
 2017 OK CR 15, 400 P.3d 887, ASHTON v. STATE
Discussed
 2017 OK CR 16, 400 P.3d 875, BAIRD v. STATE
Discussed
 1979 OK CR 126, 602 P.2d 1046, STARR v. STATE
Discussed
 1962 OK CR 160, 381 P.2d 167, BELL v. STATE
Discussed
 1967 OK CR 154, 432 P.2d 124, HONEYCUTT v. STATE
Discussed
 1983 OK CR 71, 664 P.2d 1042, MAHORNEY v. STATE
Discussed
 1983 OK CR 74, 664 P.2d 1052, CAMP v. STATE
Discussed
 1983 OK CR 168, 674 P.2d 37, MARTIN v. STATE
Discussed at Length
 1999 OK CR 10, 990 P.2d 253, 70 OBJ 870, Van White v. State
Discussed
 1976 OK CR 88, 549 P.2d 104, SATTERLEE v. STATE
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2403, Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion or Cumulative Nature of Evidence
Cited
Title 20. Courts
 Cite
Name
Level

 20 O.S. 3001.1, Setting Aside Judgment on Ground of Misdirection of Jury or Error in Pleading or Procedure
Cited
Title 63. Public Health and Safety
 Cite
Name
Level

 63 O.S. 2-401, Prohibited Acts A - Penalties
Cited
 63 O.S. 2-408, Endeavor and Conspiracy
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA