FOOTE v. STATE
2023 OK CR 12
Case Number: F-2022-2
Decided: 06/29/2023
CHARLES NEIL FOOTE, Appellant v. THE STATE OF OKLAHOMA, Appellee
Cite as: 2023 OK CR 12, __ __

 

 

OPINION

LUMPKIN, JUDGE:

¶1 Appellant, Charles Neil Foote, was tried by jury and convicted in the District Court of Lincoln County, Case No. CF-2019-8 of Lewd or Indecent Acts to a Child Under 16, in violation of 21 O.S.Supp.2013, § 1123

¶2 From this judgment and sentence, Appellant appeals and raises the following propositions of error:

I. THE DISTRICT COURT VIOLATED FOOTE'S RIGHT TO CONFRONTATION WHEN IT ADMITTED TESTIMONIAL HEARSAY OF THE MINOR COMPLAINING WITNESS IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS.

II. THE DISTRICT COURT COMMITTED REVERSIBLE ERROR WHEN IT ALLOWED THE STATE TO IMPEACH FOOTE WITH HIS PRIOR CONVICTION.

III. FOOTE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS.

¶3 After thorough consideration of these propositions and the entire record before us on appeal including the original record, transcripts, and briefs of the parties, we have determined that under the law and the evidence, Appellant is not entitled to relief.

STATEMENT OF FACTS

¶4 This case concerns Appellant's horrific sexual abuse of MC when she was between the ages of 6 and 8. Terri Henderson and her daughter MC lived in a trailer in Wellston with Henderson's boyfriend, the boyfriend's mother, Appellant, and some other people. Henderson had to be at work early, so she would leave MC with Appellant as MC waited on the porch for the school bus to arrive. MC called Appellant "Dory." The other adults living in the trailer would usually be asleep at this time. When MC was about 10 years old, and she and Henderson were living in Tulsa away from Appellant, MC disclosed to her mother that Appellant sexually abused her during the time they lived in Wellston. Henderson contacted the Lincoln County Sheriff's Department regarding the disclosure and law enforcement set up a forensic interview and a sexual assault nurse examination (SANE) for MC.

¶5 During her interview with Vanessa Parsons at the Unzner Child Advocacy Center in Shawnee, then 10 year old MC disclosed the following: Appellant (Dory) touched her "pee pee" (her term for vagina) with his fingers, with his "pee pee" (her term for his penis) and with his mouth; Appellant would position MC on her hands and knees on the bed in Appellant's bedroom and Appellant would stand behind her and place his penis into her vagina and go up and down; when Appellant put his mouth on her vagina, it would bleed and she would see blood on his lips; Appellant put his penis inside her mouth and moved it around until "something gross" came out of his penis and he gave her milk to wash it down with; and Appellant showed her "porn", including an instance where an adult woman was on her hands and knees and a man knelt behind her as he placed his penis into her vagina. As MC recounted this abuse, her demeanor changed and she became frightened, pulling a blanket over her, crossing her arms, and clinging to a baby doll.

¶6 District Attorney Investigator Michael Vaught interviewed Appellant. He admitted MC called him Dory, that he was frequently alone with MC as she waited for the school bus and that he looked at a variety of pornography on his cell phone. Appellant denied sexually abusing MC.

¶7 Joye Byrum, sexual assault nurse examiner, performed a physical examination of MC. The medical history she took from MC included the following: MC identified Appellant as the person who abused her; the abuse happened when she was between the ages of 6 and 8; she and Appellant were usually alone when he abused her and the abuse happened so many times she could not count them; Appellant used his mouth on her vaginal area and put his penis into her vagina and into her anus; Appellant made her touch and place her mouth on his penis; that her vagina hurt and bled after he put his penis inside it but her anus did not hurt when he put his penis inside it; and her vagina did not hurt when Appellant put his mouth on it or when he put his tongue inside her vagina. Byrum observed MC's hymen had either no opening (imperforate) or had a tiny opening (microperforated). This condition is either congenital or could result from vaginal penetration by the penis.

¶8 Appellant testified in his own defense. Not surprisingly, he denied any sexual contact with MC. He admitted he waited on the porch with MC, but that other adults were present, and he was never alone with MC. Appellant also claimed MC had behavioral issues and was lying about the abuse.

I.

¶9 In his first proposition, Appellant argues that because MC did not testify, his confrontation rights were violated when Parsons and Byrum testified regarding statements MC made to them and when the video of the forensic interview was admitted. Appellant lodged no objection at trial to these witnesses' testimony or to the video, so our review is for plain error. Mahdavi v. State, 2020 OK CR 12478 P.3d 449Simpson v. State, 1994 OK CR 40876 P.2d 690Id., 1994 OK CR 40.

¶10 The Confrontation Clause guarantees a defendant's right to confront the witnesses against him. Crawford v. Washington, 541 U.S. 36, 42 (2004). The admission of testimonial hearsay at trial violates this clause. Id., at 68-69. Testimonial hearsay includes statements made during custodial interrogation, affidavits, prior testimony not subject to cross examination by the defendant or statements which the declarant would reasonably expect to be used prosecutorially. Id., at 51-52.

¶11 Prior to Crawford, in Ohio v. Roberts, 448 U.S. 56 (1980), the Court held that where a witness is unavailable, "his [hearsay] statement is admissible only if it bears adequate 'indicia of reliability.' Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness." Id., at 66. (footnote omitted). Roberts led to the enactment in Oklahoma of 12 O.S.Supp.1984, § 2803.1Idaho v. Wright, 497 U.S. 805 (1990), the Court held that child hearsay statements could be admitted at trial, absent confrontation, only where the "declarant's truthfulness is so clear from the surrounding circumstances that the test of cross-examination would be of marginal utility." Id., at 820. The Wright Court further held that the surrounding circumstances must be those particular to the making of the statements. Id., at 821.

¶12 After Crawford, the inquiry made in determining whether the Confrontation Clause is violated is whether the witness's hearsay statements at issue are testimonial, not if they are reliable. Id., at 68-69. "Where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." Id. If a witness is unavailable, his hearsay statements are admissible only if the defense had a prior opportunity to cross-examine the witness. Id., at 68.

¶13 Today the Confrontation Clause analysis is: the trial court must first determine if a witness's hearsay statements fall within a hearsay exception allowing admissibility, such as Section 2803.1; if they do and the witness will not testify at trial, the court must analyze the statements under the primary purpose test, i.e., were the statements made for a purpose other than use at trial, to decide whether their admission violates the Confrontation Clause. Thompson v. State, 2019 OK CR 3438 P.3d 373See also Ohio v. Clark, 576 U.S. 237, 244-45 (2015) (setting out factors which can affect whether a child's statements to non-law enforcement individuals are non-testimonial). If the statements were made for another reason, such as medical treatment, they are non-testimonial, and their admission does not violate the Confrontation Clause. If the statements were made for use at trial, they are testimonial; thus, if the witness will not testify, the statements are only admissible if they were subject to prior opportunity for cross-examination. See Melendez-Diaz v. Massachusetts, 557 U.S. 305, 309 (2009) ("A witness's testimony against a defendant is thus inadmissible unless . . . the witness is unavailable [and] the defendant had a prior opportunity for cross-examination."). In other words, where the hearsay statements are testimonial and there was no opportunity for cross-examination, they can only be admitted if the declarant testifies. Against this framework, we review Appellant's claims regarding Parsons' and Byrum's testimony.

¶14 Parsons' testimony. There are hearsay exceptions for the admission of child hearsay. Section 2803.1(A) provides a specific exception to the general rule prohibiting the admission of hearsay. This section allows the admission at trial of statements made by a child under the age of thirteen . . . regarding "any act of sexual contact performed with or on the child against the child . . . by another." The child must testify or be "available to testify at the proceedings in open court or through an alternative method pursuant to the provisions of the Uniform Child Witness Testimony by Alternative Methods Act . . ." 12 O.S.2021, § 2803.112 O.S.2021, § 2803.1Roberts analysis, once the trial court held the Section 2803.1 hearing and determined the statements were inherently trustworthy, the statements would be admitted.

¶15 However, post-Crawford, a different analysis must occur. While Section 2803.1 provides a hearsay exception, it does not solve the problem in this case, which is that the State did not call MC as a witness, either at trial or at preliminary hearing; therefore, Appellant had no opportunity to cross examine her. Under the post-Crawford analysis set forth above, MC's statements to Parsons were inadmissible since they were testimonial in nature and Appellant had no prior right of confrontation. In order to satisfy Crawford, the child must testify when her hearsay statements are unconfronted; it is not enough that she is available to testify. We urge the Legislature to amend Section 2803.1 to conform to the current post-Crawford requirements by deleting the language that a child victim is only required to be available.Crawford applies and the defendant had no prior opportunity to cross-examine the victim, then the victim must testify in person at trial using those methods authorized which protect child victims.

¶16 In this case, however, our analysis must continue. Confrontation rights can be waived, either by a defendant's actions or by those of his attorney. Ludlow v. State, 1988 OK CR 178761 P.2d 1293Henderson v. State, 1983 OK CR 38661 P.2d 68See also Hemphill v. New York, __ U.S. __, 142 S. Ct. 681, 694 (2022) (Alito, J., concurring) (a defendant can impliedly waive his Sixth Amendment right to confrontation through his conduct or that of counsel).

¶17 The record shows that defense counsel did not object either to Parsons' testimony regarding MC's hearsay statements or to the admission of the video of Parson's interview with MC. Furthermore, as addressed in Proposition III, counsel had a clear strategy not to allow the jury to hear MC's testimony in person so as to limit the emotional impact on the jury of her account of the abuse. Thus, the record supports that Appellant waived his right to confront MC through the actions of defense counsel. Accordingly, there was no error in the admission of Parsons' testimony or in the admission of the video of the forensic interview.

¶18 Byrum's testimony. After holding a hearing on their admissibility, the trial court admitted MC's statements to Byrum both under Section 2803.1 and 12 O.S.2021, § 2803See Thompson v. State, 2019 OK CR 3438 P.3d 373

¶19 The trial court properly found these witnesses' testimony and the video of the forensic interview admissible. There was no error in the trial court's decision. Proposition I is denied.

II.

¶20 In his second proposition, Appellant takes issue with the State's use of his prior lewd acts conviction to impeach him. He argues the probative value of this evidence was outweighed by its prejudicial effect thus its admission was error. Review of this claim is for an abuse of discretion. Bever v. State, 2020 OK CR 13467 P.3d 693Neloms v. State, 2012 OK CR 7274 P.3d 161

¶21 Pursuant to 12 O.S.2021, § 2609Terrell v. State, 2018 OK CR 22425 P.3d 399See Tafolla v. State, 2019 OK CR 15446 P.3d 1248

¶22 In this case, Appellant testified in his own defense. His defense was that he was completely innocent, and MC was lying about the abuse. Appellant also testified that MC had mental issues, implying that MC's statements were incredible. Prior to Appellant's testimony, the parties conferred with the trial court regarding admissibility of testimony about Appellant's prior conviction. The trial court ruled the probative value of the prior conviction outweighed any potential for prejudice. On direct examination, defense counsel asked Appellant if he had been previously convicted of lewd acts and Appellant stated he had and he was appealing the conviction. The trial court issued a limiting instruction advising the jury that the use of the prior conviction was only for impeachment purposes and could not be considered as evidence of guilt.

¶23 On cross-examination, the prosecutor questioned Appellant about the judgment and sentence from his prior conviction and admitted a copy of the judgment and sentence. Pursuant to Terrill, the judgment and sentence was properly admitted. When the prosecutor asked Appellant if the prior conviction was the "same type of crime" that he was charged with in the instant case, Appellant answered yes but the facts were different. He then explained that the prior conviction "was touching a child once" and "[MC] claims I had adult sex with her many, many times. The two cases are obviously different." This record shows that it was Appellant who spontaneously testified about certain facts of his prior conviction, the prosecution did not elicit that testimony. Appellant cannot complain of an error he invited, and this Court will not reverse based upon invited error. See Tryon v. State, 2018 OK CR 20423 P.3d 617

¶24 Evidence of Appellant's prior conviction was relevant and material to impeach his credibility and to rebut his defense of complete innocence. By the limiting instruction, the jury's consideration of the evidence was restricted to its impeachment value. There was no abuse of discretion in the trial court's admission of this evidence. Proposition II is denied.

III.

¶25 In his final proposition, Appellant contends he received ineffective assistance of counsel due to counsel's failure to object to the admission of Parsons' testimony and the video of her forensic interview with MC, as set forth in Proposition I. The Court begins its analysis with the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Strickland v. Washington, 466 U.S. 668, 689 (1984). Appellant must overcome this presumption and demonstrate that counsel's representation was unreasonable under prevailing professional norms and that the challenged action could not be considered sound trial strategy. Id.

¶26 We found no error in Proposition I based upon waiver of Appellant's right to confront MC. While Appellant was content to waive his confrontation right at trial, he has changed his mind in hindsight.

¶27 It seems clear that counsel strategically chose not to confront MC. Child sex abuse cases are emotionally charged and child witnesses are extremely sympathetic. Counsel chose not to object to Parsons' testimony and the video of MC's forensic interview as a matter of trial strategy, undoubtedly seeking to let that impersonal evidence be admitted rather than having MC personally testify. Given the nature of this case and the likelihood of MC's demeanor as she testified being highly emotional, this was a reasonable trial strategy. Counsel was not ineffective for utilizing it. See Lee v. State, 2018 OK CR 14422 P.3d 782

DECISION

¶28 The Judgment and Sentence of the district court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2023), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF LINCOLN
COUNTY, THE HONORABLE CYNTHIA FERRELL ASHWOOD,
DISTRICT JUDGE

 
 
 
 APPEARANCES AT TRIAL

 CHARLES MICHAEL THOMPSON
 104 W. 8TH STREET
 CHANDLER, OK 74834
 COUNSEL FOR DEFENDANT

  
 
 
 APPEARANCES ON APPEAL

 JAMES L. HANKINS
 2524 N. BROADWAY
 EDMOND, OK 73034
 COUNSEL FOR APPELLANT
 
 
 
 
 JEFF MIXON
 ASST. DISTRICT ATTORNEY
 811 MANVEL AVENUE, #1
 CHANDLER, OK 74834
 COUNSEL FOR STATE
 
 
 JOHN M. O'CONNOR
 ATTORNEY GENERAL
 SAMANTHA K. OARD
 ASST. ATTORNEY GENERAL
 313 NE 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

OPINION BY: LUMPKIN, J.
ROWLAND, P.J.: Concur
HUDSON, V.P.J.: Concur
LEWIS, J.: Concur
MUSSEMAN, J.: Concur

FOOTNOTES

21 O.S.Supp.2015, § 13.1

Crawford in this case, but neither Appellant nor the State seemed willing to address Crawford.

 recommendation be interpreted as precluding other evidentiary procedures which allow the admission of child witness statements.